MARIE H. PAULSON AND ANOTHER v. JOHN A. JOHNSON AND ANOTHER.[1]

January 2, 1943.

Nos. 33,380, 33,384.

[1]Reported in 7 N. W. (2d) 338.

*Leslie S. High,* for appellant.
*Jenswold, Butchart & Dahle,* for respondents.

PER CURIAM.

The motion to dismiss the appeals must be granted. One appeal (No. 33,380) is from an order of the district court of St. Louis county requiring appellant to pay to the receiver appointed by the court the sum of $165 and to account to him for the value of provisions taken within three months prior to the date of the order, and, in case of his default so to do, to show cause why he should not be adjudged in contempt. Such an order is not appealable because it is not final. State v. Carey, 151 Minn. 517, 187 N. W. 710.

The other appeal (No. 33,384) is from an order of said court finding defendant guilty of contempt for failure to comply with the above order, fining him the sum of $50, and providing that in case he fails to pay the fine he shall be committed to the county jail for 30 days. Although this adjudication of contempt arose out of a civil proceeding, it does not provide that the fine shall be paid to plaintiff or for his benefit. It is by way of punishment only and therefore is in the nature of a criminal contempt.

"The rule is that if a contempt is a criminal contempt, one simply to impose a punishment, it can be reviewed only by certiorari; but if it is one to aid the enforcement of a civil remedy, as by compelling the one adjudged in contempt to deliver property in his possession, it is a civil contempt reviewable by appeal." Proper v. Proper, 188 Minn. 15, 16, 246 N. W. 481.

The attempted appeal must be dismissed. Campbell v. Motion P. M. Operators, 151 Minn. 238, 186 N. W. 787. See Wenger v. Wenger, 200 Minn. 436, 274 N. W. 517.

Appeals dismissed.