## Richmond

## E. I. DU PONT DE NEMOURS & COMPANY v. UNIVERSAL MOULDED PRODUCTS CORPORATION.

June 20, 1949.

Record No. 3471.

Present, All the Justices.

The opinion states the case.

*Donald T. Stant* and *Bradley Roberts*, for the plaintiff in error.

*Jones, Woodward & Miles*, for the defendant in error.

EGGLESTON, J., delivered the opinion of the court.

On June 11, 1948, the clerk of the Corporation Court for the city of Bristol issued a subpoena directing Ernest L. Andrews, W. A. Bland and Lee Bindschadler to appear before a notary public on July 9, at a stated place in the city of Bristol, and testify on behalf of the plaintiff in a certain action at law then pending in that court, wherein Universal Moulded Products Corporation was the plaintiff and E. I. du Pont de Nemours & Company was the defendant. At the same time counsel for Universal Moulded Products Corporation gave the usual notice to opposing counsel that the depositions of these witnesses would be taken before the notary public, at the time and place mentioned in the subpoena.

On July 10 the notary public filed a written report with the court, stating that although the subpoena had been served on the witnesses they had, upon the advice of counsel, refused to appear and testify. Thereupon, on the petition of Universal Moulded Products Corporation, the lower court directed the issuance of a rule against the several witnesses to show cause, if any, why they should not be dealt with for contempt for their failure to appear and testify before the notary in accordance with the subpoena.

To this rule the witnesses filed an answer stating, in substance, that they were the employees of E. I. du Pont de Nemours & Company, that they would be present at the trial and would "then be available as witnesses for either party" to the principal action, and that there was no warrant in law for the issuance of a subpoena requiring them to testify by deposition in advance of the trial.

The answer also pointed out that the respondent witnesses had filed in the same court a proceeding against Universal Moulded Products Corporation for a declaratory judgment settling their duties and rights with respect to obeying the subpoena.

By agreement of counsel the proceeding on the rule and that for the declaratory judgment were heard together and resulted in the entry of an order in the contempt proceeding, to which the present writ of error has been allowed. The pertinent portion of the order reads thus:

"After hearing the argument of counsel, the court is of opinion, and doth accordingly adjudge, that the said Ernest L. Andrews, W. A. Bland and Lee Bindschadler are guilty of contempt for their failure to appear as witnesses before Ona Lee Hendricks, Notary Public, in Bristol, Virginia, on the 9th day of July, 1948. Whereupon they are allowed twenty days within which to purge themselves of such contempt by appearing at the taking of depositions on a date to be set by counsel for the parties within that period, and the court withholds the imposition of penalty, if any, until the expiration of said twenty days."

The authorities are in accord that in the absence of a statutory provision to the contrary, a judgment or order in a contempt proceeding must be final in order that it may be subject to a writ of error or reviewable on appeal. 17 C. J. S., Contempt, section 114, p. 152 *ff*. This is so because at common law only a final judgment is reviewable on appeal. 2 Am. Jur., Appeal and Error, section 21, p. 858.

Code, section 4932, providing for the review of judgments for contempt, reads thus: "To a judgment for a contempt of court a writ of error shall lie to the Supreme Court of Appeals. This section shall also be construed to authorize a writ of error to a judgment of a circuit court rendered on appeal from a judgment of a justice for contempt."

There is nothing in this language to indicate that a writ of error will lie to an interlocutory judgment or order

adjudicating one guilty of contempt, and, hence, the matter is governed by the general principle stated above.

The order here under review is not final. While it adjudicates that the witnesses "are guilty of contempt for their failure to appear" before the notary, they are allowed twenty days "within which to purge themselves of such contempt" by responding to the summons, and in the meantime "the court withholds the imposition of penalty."

It is universally held that such an order in a contempt proceeding, which reserves the imposition of penalty or punishment, is not final and is not reviewable on appeal. See 17 C. J. S., Contempt, section 114, p. 154; *In re Eskay*, C. C. A. 3, 122 F. (2d) 819, 824, and authorities there cited. See also, *Fuller* v. *Commonwealth*, *ante*, p. 327, 53 S. E. (2d) 26.

Inasmuch as the order under review is not final we are without jurisdiction of the matter and the writ must be dismissed. It is so ordered.

*Writ dismissed.*