GERALD P. WILLIS, ADMINISTRATOR OF THE ESTATE OF DAVID S. WILLIS, DECEASED v. DUKE POWER COMPANY, A CORPORATION

No. 7526SC227

(Filed 16 June 1975)

**Contempt of Court § 8— no penalty imposed for contempt — order not appealable**

> No legal impediment bars a person who is penalized as for contempt from obtaining a review of the judgment entered against him in superior court by direct appeal; however, where the contempt

order in question expressly refrained from imposing a fine or penalty for contempt of court but provided that defendant could purge itself by complying with an earlier court order to answer plaintiff's interrogatories, the order was not final and was not appealable.

ATTEMPTED appeal by defendant from *Falls, Judge.* Judgment entered 9 January 1975 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 15 May 1975.

This is a wrongful death action brought by plaintiff as the administrator of the estate of David S. Willis. The complaint alleges that intestate died as a result of electrical shock received when an aluminum ladder, which he was holding, came too close to some uninsulated, high voltage lines. It further alleges that defendant maintained the lines as part of its service in providing electrical power to the residents of the area and that one year prior to the electrocution of David Willis, another man, Nelson Hale, was killed by electrical shock at the same place and under substantially similar circumstances. Plaintiff seeks both compensatory and punitive damages based on the alleged negligence and gross negligence of defendant.

Defendant answered, denying any negligence on its part and asserting contributory negligence on the part of plaintiff's intestate.

On 30 July 1974, plaintiff served on defendant a first set of interrogatories, and pursuant to G.S. 1A-1, Rule 34, plaintiff also requested the production of documents used in answering the interrogatories. The requested documents included investigation reports made by defendant in connection with the deaths of David Willis and Nelson Hale. Defendant objected to certain of plaintiff's interrogatories as being burdensome and irrelevant and on 12 August 1974 filed a motion for a protective order pursuant to G.S. 1A-1, Rules 30(b) and 33, requesting that it not be compelled to answer the interrogatories nor to produce the documents sought by plaintiff. On 25 November 1974, the trial court denied defendant's motion for a protective order and ordered that defendant answer plaintiff's interrogatories and that defendant produce and permit plaintiff to inspect and copy the documents therein designated. Since defendant was not represented at the 25 November 1974 hearing, the trial judge permitted a rehearing of the matter on 26 November 1974; however, the order of 25 November 1974 was allowed to stand without modification.

On 12 December 1974, plaintiff petitioned the court for an order requiring defendant to appear and show cause why it should not be held in contempt for failure to comply with the 25 November 1974 order. The requested order was issued and the matter was heard on 6 January 1975.

On 9 January 1975 the court filed its order finding that defendant had willfully failed to comply with the order of 25 November 1974 in that defendant had not answered plaintiff's interrogatory number 1(b) and had willfully failed and refused to produce the documents designated in interrogatories 13, 16, 17 and 33. It further found that defendant's conduct tended to defeat and prejudice the rights of plaintiff and adjudged defendant to be in contempt. The court made it clear that it was proceeding "as for contempt." The order provided that defendant could purge itself of contempt by (1) supplying plaintiff with the names of those members of its claim department who conducted or participated in the investigation of the Hale and Willis incidents, and (2) producing the investigation files for plaintiff's inspection. The court decreed that it would not impose a fine or other penalty on defendant provided defendant purged itself by complying with the order.

Defendant objected and excepted to the order and gave notice of appeal.

*Cansler, Lassiter, Lockhart & Eller, P.A., by Thomas Ashe Lockhart and Joe C. Young, for plaintiff appellee.*

*Grier, Parker, Poe, Thompson, Bernstein, Gage & Preston, by William E. Poe, William I. Ward, Jr., and W. Edward Poe, Jr., for defendant appellant.*

BRITT, Judge.

Plaintiff contends the order from which defendant attempts to appeal is not appealable. We find merit in the contention.

It is well established in this State that no legal impediment bars a person, who is *penalized* as for contempt, from obtaining a review of the judgment entered against him in superior court by direct appeal. *Luther v. Luther,* 234 N.C. 429, 67 S.E. 2d 345 (1951).

In the present case, the 9 January 1975 contempt order expressly refrained from imposing a fine or penalty for contempt of court, provided defendant purge itself by complying

with the terms of the orders. Until some punishment is imposed, such order is not final and does not affect a substantial right so as to render it directly appealable. 17 C.J.S., Contempt, § 114, p. 300. *See generally* Annot., 33 A.L.R. 3d 448, 564 (1970).

In *Alexander v. United States,* 201 U.S. 117, 121, 50 L.Ed. 686 (1906), the trial court directed witnesses to produce documents in compliance with a subpoena *duces tecum* and to answer questions propounded by the government in an anti-trust suit. Claiming that the information was irrelevant and self-incriminatory, the witnesses sought immediate review of the order. Holding that review was unavailable at that point, the Supreme Court of the United States declared:

> ". . . Let the court go farther, and punish the witness for contempt of its order,—then arrives a right of review; and this is adequate for his protection without unduly impeding the progress of the case. . . ."

It is our opinion that the attempted appeal of defendant should be dismissed and it is so ordered.

Appeal dismissed.

Judges CLARK and ARNOLD concur.