Joseph B. MADDEN, Appellant
(Defendant below),

v.

Glenna A. MADDEN, Appellee
(Plaintiff below).

No. 4600.

Supreme Court of Wyoming.

Jan. 14, 1977.

Larry V. Rogers, Jones & Rogers, Torrington, for appellant.

George M. Apostolos, Brown, Drew, Apostolos, Barton & Massey, Casper, for appellee.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

THOMAS, Justice.

This case was commenced as an action for a judicial separation by Glenna A. Madden, Appellee, against Joseph B. Madden, Appellant, on April 13, 1967. On September 5, 1968, a Judgment and Decree was entered granting the Appellee an absolute divorce from the Appellant. That Judgment and Decree required the Appellant to pay $125 per month for the support of each of the minor children of the parties according to the terms of an Agreement which was incorporated as a part of the Judgment and Decree. The Agreement also provided for a rather complicated and sophisticated division of the property of the parties which contemplated the prospective operation of business enterprises by the Appellant, accounting by him to the Appellee for the operations of the business, and an ultimate division of property after existing debts had been paid.

This instant matter had its genesis in a Petition for Order to Show Cause Why Defendant Should Not Be Adjudged in Contempt filed by the Appellee on April 1, 1974. In addition to four other complaints with respect to the failure of the Appellant to comply with the terms of the Agreement incorporated in the Judgment and Decree, the petition alleged that:

"2. Defendant has failed to make the child support payments and health insurance premiums to plaintiff required under said Judgment and Decree and agreement; and, as of April 1, 1974, defendant is in arrears to plaintiff in the amount of $3,000.00 for child support, and $461.28 for health insurance premiums."

Based upon this petition an Order to Show Cause was issued by the Court requiring Appellant to show cause before May 2, 1974, why he should not be punished as for contempt for his failure to comply with and obey the terms, requirements and orders contained in the Judgment and Decree.

For a responsive pleading the Appellant filed an instrument entitled Objections to Petition for Order to Show Cause. Among other grounds set forth to show cause why he should not be adjudged in contempt and punished accordingly the Appellant pleaded as follows:

"1. Plaintiff alleges that the defendant has failed to make child support payments and to pay health insurance premiums, however, defendant denies such allegations and further alleges that the child, Jody, is of majority and married and the child, Shawn, reaches majority in May of 1973, and to defendant's knowledge and belief, their child support was paid in full and the child support payments for the child, Lex, were paid ahead one (1) month, at the request of the plaintiff, as of the time of filing said petition by the plaintiff."

After hearing of these matters the District Court on July 8, 1975, entered an Order which, inter alia, provided:

"6. That, as of September 27, 1974, Shawn Madden was not self-supporting nor emancipated."

It is of some moment, and we therefore emphasize, that the Order did not purport to adjudge Appellant in contempt, and of course, no effort was made to impose any punishment upon him. The thrust of the Order simply is to provide for the appointment of a master to furnish a report and accounting, to assess costs for those services against the Appellant, to charge Appellant with additional attorney's fees, to credit Appellant with a payment to be considered as child support, and to determine that Shawn Madden was neither self-supporting nor emancipated.

Appellant filed a Notice of Appeal in which he stated that he was appealing from Paragraph 6 of the Order. In his brief the Appellant states the substantive issue presented as follows:

"Whether child support ceases as to a child who becomes nineteen years of age as a result of the act lowering the age of majority to nineteen, where the support agreement provided

"(a) that such child support would continue during the minority of the child? (or)

"(b) that such child support shall continue until such child becomes emancipated?"

■ The substantive question is intriguing, and certainly it is not without difficulty. It might well be of some assistance to the parties to have a ruling by this Court upon the question. We cannot, however, reach this substantive question because we hold that the Order from which this appeal is attempted lacks the requisite finality to be an appealable order.

This Court has held that an order imposing punishment for contempt of court is a final order which is appealable pursuant to the language in Rule 72(a), W.R.C.P., which defines as a final order, " * * * (2) an order affecting a substantial right, made in a special proceeding, or upon a summary application in an action, after judgment; * * *." *Porter v. State,* 16 Wyo. 131, 92 P. 385 (1907). The District Court in this instance did not by its order impose any punishment upon the Appellant; in fact the order does not even find the Appellant to be in contempt of court.

■ A majority of courts hold that when contempt proceedings are brought any order short of the order which imposes punishment by fine or imprisonment is interlocutory in nature, and is not a final order from which an appeal can be taken. *Ashcraft v. Ashcraft,* D.C.App., 318 A.2d 284 (1974); *Culpepper v. Culpepper,* 103 Fla. 390, 138 So. 799 (1931); *Harrell v. Peteet,* 134 Ga.App. 210, 214 S.E.2d 5 (1975); *State ex rel. Neal v. Hamilton Circuit Court,* 248

Ind. 130, 224 N.E.2d 55 (1967); *Lester v. Berkowitz*, 125 Ill. 307, 17 N.E. 706 (1888); *Henry v. Waz*, 35 Ill.App.3d 752, 342 N.E.2d 433 (1976); *Allen v. Lindeman*, Iowa, 164 N.W.2d 346 (1969); *Cherry v. Cherry*, 253 Mass. 172, 148 N.E. 570 (1925); *Paulson v. Johnson*, 214 Minn. 202, 7 N.W.2d 338 (1943); *Bond v. Anderson*, 203 Miss. 283, 33 So.2d 833 (1948); *Clack v. Jones*, 62 Nev. 72, 140 P.2d 580 (1943), reh. den. 62 Nev. 76, 141 P.2d 385 (1943); *Adams v. Adams*, 80 N.J.Eq. 175, 83 A. 190 (1912); *Zellers v. Huff*, 57 N.M. 609, 261 P.2d 643 (1953); *Willis v. Duke Power Company*, 26 N.C. App. 598, 216 S.E.2d 732 (1975); *Board of Commissioners of Greene County v. Harshman*, 101 Ohio St. 529, 130 N.E. 935 (1920); *Pellegrino v. Pellegrino*, Ohio App., 36 N.E.2d 3 (1936); *Cedar Valley Civic Association v. Schnabel*, Pa.Super., 362 A.2d 993 (1976); *E.I. Du Pont de Nemours & Co. v. Universal Moulded Products Corp.*, 189 Va. 523, 53 S.E.2d 835 (1949); *Boudwin v. Boudwin*, 162 Wash. 142, 298 P. 337 (1931).

The Ohio decisions are particularly persuasive since the particular language in Rule 72(a), W.R.C.P., which is before us here, was taken from Ohio. *Morad v. Brown*, Wyo., 549 P.2d 312 (1976); and *Wilson v. Martinez*, 76 Wyo. 196, 301 P.2d 785 (1956), reh. den. 76 Wyo. 196, 307 P.2d 605 (1957). We therefore hold that this appeal must be dismissed because the Order from which this appeal is attempted is interlocutory only, and the absence of a final order in the contempt proceedings results in this court having no jurisdiction to hear the appeal on its merits.

The appeal is ordered dismissed.