**Anna M. PEPPERS, et al.,**
**Plaintiffs–Appellants,**

v.

**Patricia K. BARRY,**
**Defendant–Appellee.**

**No. 87–3597.**

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 21, 1989.

Decided May 4, 1989.

Rehearing and Rehearing En Banc
Denied June 21, 1989.

**968**

William H. Fraser (argued), Advocates for Basic Legal Equality, Inc., Toledo, Ohio, Robert H. Bonthius, Jr., Legal Aid Soc. of Cleveland, Cleveland, Ohio, Theodore Kern, Ohio State Legal Services Assoc., Columbus, Ohio, for plaintiffs-appellants.

Alan Schwepe, Asst. Atty. Gen. (argued), Columbus, Ohio, for defendant-appellee.

Before MARTIN and RYAN, Circuit Judges, and SMITH,* District Judge.

BOYCE F. MARTIN, Jr., Circuit Judge.

Anna M. Peppers represents a class whose members are recipients of Aid to Families with Dependent Children and Food Stamp benefits. She asserts that Patricia Barry, as Director of the Ohio Department of Human Services, and several other state officials have violated an injunction issued by the district court which required the Ohio Department of Human Services to provide timely hearings and deter-minations of denial, reduction or termination of benefits as provided in federal regulations and the Constitution. The injunction was first issued by the district court in 1977 and affirmed by this court. *Peppers v. McKenna,* 81 F.R.D. 361, 368 (N.D.Ohio 1977), *aff'd mem.,* 611 F.2d 373 (6th Cir.1979).

Peppers filed a contempt motion on February 19, 1986 in which she requested further injunctive relief and monetary remedies. She alleged that Barry and her department were in violation of the injunction issued by the court on June 23, 1977. On June 20, 1986, Peppers filed a motion for opportunity to prove damages.

On June 23, 1986, the district court issued an order addressing the "show cause" aspect of Peppers' February 10, 1986 motion. In its order, the court permanently enjoined the defendants from failing to take prompt administrative action with regard to claimants. The court amended this order on June 30, 1986. It specifically reserved for later disposition the issue of whether the defendants should be held in contempt and the issue of compensatory damages. Following briefing and oral argument on these issues, the court entered an order on May 20, 1987 in which it found that Barry and her department were not in contempt. The court found instead that the defendants had made a "good faith" attempt to solve the problem of noncompliance. The court found that this decision mooted the issue of compensatory damages and so it also denied Peppers' motion for opportunity to prove damages. Pepper takes her appeal from this order.

█ In general, a finding of civil contempt is within the discretion of the district court, so that the standard of review in contempt cases is whether the court abused its discretion. *NLRB v. Cincinnati Bronze, Inc.,* 829 F.2d 585, 591 (6th Cir. 1987). Good faith, however, is no defense for failure to comply with a court order enjoining certain conduct. *See T.W.N. Mfg. Co. v. Dura Corp.,* 722 F.2d 1261 (6th

---

* The Honorable George C. Smith, United States District Judge for the Southern District of Ohio, sitting by designation.

Cir.1983) and *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir.1987) ("This proposed 'good faith' exception to the requirement of obedience to a court order has no basis in law, and we reject the invitation to create such an exception."). Instead, in this case we look to see whether the defendants took all reasonable steps within their power to comply with the court's order. *See Shuffler v. Heritage Bank*, 720 F.2d 1141, 1146–47 (9th Cir.1983); *United States v. Rizzo*, 539 F.2d 458, 465 (5th Cir.1976); *United States v. Hayes*, 722 F.2d 723, 725 (11th Cir.1984).

In this case the record shows that the defendants took all reasonable steps to achieve substantial compliance with the district court's injunction. Significantly, these efforts began prior to the time when plaintiffs filed their motion for show cause and for contempt. Efforts towards compliance which Barry and her department have taken include the purchase of new office equipment, the computerization of a system which warns of upcoming deadlines, and great training of hearing officers so as to assist them in the efficient disposition of cases. Moreover, the injunction entered by the district court on June 30, 1986 requires the defendants to file a quarterly report with the district court regarding compliance with the order. The quarterly reports included in the record indicate that defendant's efforts toward compliance have been successful, so much so that substantial compliance has been achieved.

Therefore, we affirm the district court not for the reasons given in its conclusion, but because of the findings of fact as tested against the proper legal standard that we have discussed.

Judgment affirmed.

RYAN, Circuit Judge (dissenting).

My colleagues acknowledge that the trial court applied an incorrect legal standard in its decision to deny plaintiffs' contempt motion. They proceed to make their own determination under the correct legal standard whether, on the record below, defendants should have been found in contempt. Applying the correct legal standard, my colleagues find that defendants have taken all reasonable steps to comply with the injunction, and hold that defendants should therefore not be found in contempt. Manifestly, this is an improper appellate factual determination, and one which usurps the trial court's function.

Our authority is limited to determining: 1) whether the trial court applied the correct legal standard; 2) whether the trial court's underlying findings of fact are clearly erroneous; and 3) whether the trial court, if it applied the correct legal standard to record-supported facts, abused its discretion. *See, e.g., Taylor & Gaskin, Inc. v. Chris–Craft Industries*, 732 F.2d 1273, 1277 (6th Cir.1984).

Having found that the district court erroneously employed the incorrect "good faith effort at compliance" legal standard instead of the correct and distinctly different "substantial compliance" or "all reasonable means to comply" legal standard, *General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir.1986); *In re Crystal Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir.1987), this court's duty is to reverse the trial court's judgment and remand the case for determination under the correct legal standard; it is not to make its own determination whether the defendant's conduct, correctly measured, is contemptuous. That is the exclusive prerogative of the trial judge whose twelve years of intimate familiarity with this litigation affords him a much better perspective of the case than we have, and who, in all events, has the exclusive authority to find the facts. While I recognize that my colleagues have simply applied the correct legal standard to the trial court's findings of fact, that is an appellate short-circuiting that is beyond our authority. We have no way of knowing what facts the trial court might have found had it been aware that "[g]ood faith is no defense for failure to comply with a court order."

I would reverse and remand for trial court determination of the alleged contempt under the correct legal standard.