**Michael Lee STONE, Appellant (Plaintiff),**

v.

**Marylou S. STONE, Appellee (Defendant).**

**No. 92–70.**

Supreme Court of Wyoming.

Nov. 30, 1992.

Rehearing Denied Jan. 5, 1993.

Michael Lee Stone, pro se.

Richard L. Harden, Casper, for appellee.

Before MACY, C.J., and THOMAS, CARDINE, URBIGKIT and GOLDEN, JJ.

CARDINE, Justice.

Following entry of divorce decree, appellant Michael Lee Stone filed numerous motions attempting to alter and enforce the custody provisions of the divorce decree. In response, appellee Marylou S. Stone filed several opposing motions. Appellant now seeks review of two separate district court orders which addressed the many motions and counter-motions.

We dismiss.

Appellant presents the following issues:

I. Whether appellant has an inherent right to the custody of his daughter?

The trial court failed to consider custody of the daughter to the father by not allowing a hearing when appellee was in clear violation of Wyoming statutes.

II. Whether the appellant can be compelled to surrender the custody of his daughter when it is quite obvious that the appellee has mentally abused the child and turned her away from her father's affections as exemplified in the subsequent orders following the original order?

III. The trial court ruled: "That, if the parties are unable or unwilling to cooperate and agree on matters of custody and visitation, the court will either grant a change of custody or enjoin any further visitation depending upon the relative merits and culpability of the parties."

A citation for contempt should be given either party for refusal to obey the court's orders in lieu of threatened coercion compelled by force of threat would remove the child's rights to access of one of her parents. When the law clearly states in case after case, "(t)he welfare of the children being the paramount consideration."

Appellant asks this court to alter the custody provisions of the divorce decree. However, because the issues are unclear, we first develop the procedural and factual posture of the case in order to extract the actual legal issues.

FACTS

On September 27, 1991, the district court entered a decree of divorce between appellant and appellee. [R.A.Vol. I, p. 54]. Custody of their minor child was granted to appellee, and appellant was granted visitation rights. [Id.]

Over the next several months, appellant tried to amend and enforce the custody provisions of the decree by filing several motions. First, appellant sought a new trial in a motion filed on October 2, 1991. [R.A.Vol. I, p. 58]. Second, on December 10, 1991, he filed a motion for relief asking the district court: (a) to force appellee to comply with the divorce decree; (b) to find appellee in contempt for not complying with the decree; and (c) to restrain appellee from interfering with their child's use and possession of gifts given by the appellant. [R.A.Vol. I, p. 67]. Third, on December 18, 1991, appellant filed another motion for relief seeking temporary custody of their child. [R.A.Vol. I, p. 74]. Meanwhile, on December 11, 1991, appellee filed a motion seeking payment of expenses incurred due to appellant's several motions. [R.A.Vol. I, p. 70].

After reviewing all the motions with each party's counsel, the district court entered an order (*Order I*) on January 23, 1992. [R.A.Vol. I, p. 81]. The district court denied appellant's motion for a new trial. It also ordered appellee to cease interfering with her child's possessions given to the child by the appellant, to keep appellant advised of her current physical and mailing address, and to allow appellant telephone visits with the child. [Id., p. 81–82].

Wasting no time, appellant filed another motion the day after *Order I* was entered. [R.A.Vol. I, p. 87]. This time, appellant sought an order compelling appellee to appear and show cause why she should not be found in contempt for allegedly violating the divorce decree. In addition, appellant wanted the phone number of the child's

babysitter, and he sought recovery of attorney fees. Once again, appellee filed for payment of attorney fees and expenses. [R.A.Vol. I, p. 89]. In response, on January 24, 1992, the district court set a hearing on the motion and ordered appellee to appear and show cause. [R.A.Vol. I, p. 88].

On March 6, 1992, upon careful review of the record and after hearing from both parties and counsel, the district court issued a new order (*Order II*) attempting to address all the undetermined motions, including the motion for appellee to appear and show cause why she should not be held in contempt. [R.A.Vol. I, p. 94]. The district court ordered: (a) all motions for expenses and fees be denied; (b) appellee should have permitted appellant's visit with the child on January 17, 1992; (c) if telephone visitation continued to be a problem, the same would be stricken; (d) appellant's request for babysitter's phone number be denied; (e) neither party would be entitled to know where the other is employed; and (f) the parties would cooperate or face appropriate sanctions. The order simply did not address contempt. [Id., pp. 94–95].

## ACTUAL ISSUES

On March 12, 1992, appellant, proceeding pro se, filed an appeal with this court challenging both *Order I* and *Order II*. [R.A.Vol. I, p. 103] In appellant's brief and reply brief, appellant fails to designate any discernable legal error by the district court. However, upon careful review of appellant's briefs and purported issues, it appears he wants this court to modify the custody provision of the divorce decree and/or find the district court to have abused its discretion in fashioning the two orders.

■ In her brief, appellee raises several relevant and important jurisdictional issues which appellant fails to recognize. Because appellant is proceeding pro se, he may simply be unaware of what is required to perfect an appeal under the Wyoming Rules of Appellate Procedure. We must, however, abide by our firm rule that requires a pro se litigant to comply with the same procedural standards as those litigants represented by counsel. *Apadoca v. Ommen*, 807 P.2d 939, 943 (Wyo.1991); *Annis v. Beebe & Runyan Furniture Co.*, 685 P.2d 678, 679 (Wyo.1984); *Matter of GP*, 679 P.2d 976, 985 (Wyo.1984). Therefore, our rules of appellate procedure apply equally to appellant and are determinative of the outcome of this case.

After considering the facts and the issues presented by appellant and appellee, we have settled upon two issues we must determine. First, do we have jurisdiction to review *Order I?* Second, do we have jurisdiction to review *Order II;* and if so, did the court abuse its discretion?

## ANALYSIS

### ORDER I

■ Wyoming Rule of Appellate Procedure 1.02 is clear in its mandate that, "[t]he timely filing of a notice of appeal is jurisdictional." As stated in *Miller v. Murdock*, 788 P.2d 614, 616 (Wyo.1990): "The failure to comply with the deadline for filing an appeal is an incurable jurisdictional defect."

■ Appellant filed this appeal well beyond the time allowed for filing. Rule 2.01, W.R.A.P., provides fifteen days for filing notice of appeal. Appellant filed this appeal on March 12, 1992, well over thirty days following entry of *Order I*. Therefore, we must dismiss the appeal as to *Order I*.

### ORDER II

■ Disposition of *Order II* fits squarely within the bounds of our previous decision in *Madden v. Madden*, 558 P.2d 669 (Wyo. 1977). In *Madden*, we held that an order originating in a contempt proceeding, which does not even purport to find a party in contempt, is interlocutory only and therefore not appealable. *Id.* at 670.

The pertinent facts of *Madden* are virtually indistinguishable from the facts concerning *Order II* in this case. In *Madden*, the former wife was attempting to have the former husband found in contempt for violating the provisions of a divorce decree.

She petitioned the district court for an order against her former spouse to show cause why he should not be held in contempt. The district court then issued an order to show cause against the former husband. After a hearing on the order to show cause, the court entered the order which was appealed. *Madden*, 558 P.2d at 669–70. That order did not address contempt, nor did it impose punishment on the appellant. Instead, it simply made findings of fact and conclusions of law. *Id.*

*Order II* essentially originates in the motion to show cause why appellee should not be held in contempt. The district court addresses both appellee's motions for costs and attorney fees and simply denies appellee's and appellant's motions for costs and fees, apprises the parties of potential breaches of the divorce decree, and warns the parties of the potential sanctions for failure to cooperate and follow the divorce decree. As in *Madden*, this district court has not punished or fined appellee for contempt, nor even addressed contempt. Therefore, like the court in *Madden*, this district court has fashioned an equitable order making certain findings of fact and conclusions of law as to the issues and complaints raised, but has not issued a final appealable order.

We recognize the existence of authority which appears contrary to our ruling in *Madden*. Upon closer scrutiny, however, that authority is distinguishable. In other jurisdictions the refusal to find one in contempt for violating a divorce decree has been held to be appealable. *Blair v. Blair*, 600 S.W.2d 143 (Mo.App.1980); *McDonald v. McDonald*, 170 N.W.2d 246 (Iowa 1969); *see generally*, Annotation, *Appealability of Acquittal from or Dismissal of Charge of Contempt of Court*, 2 A.L.R.3d 650 §§ 6[a] and 10[b]; 9 *Moore's Federal Practice* § 110.13(4), pp. 150–53; *Peppers v. Barry*, 873 F.2d 967 (6th Cir.1989) (allowing appeal of an order, entered in a post-judgment hearing, refusing to find contempt). In *Blair, McDonald* and *Peppers*, the respective trial courts each entered an order or judgment which specifically concluded that contempt circumstances did not exist. *Blair*, 600 S.W.2d at 145; *Mc-*

*Donald*, 170 N.W.2d at 247; *Peppers*, 873 F.2d at 968. In this case and in *Madden*, the order being appealed does not include any finding about the appropriateness of contempt.

Wyoming Rules of Appellate Procedure 1.04 and 1.05 provide additional support for refusing jurisdiction over *Order II*. Rule 1.04 requires a final order or judgment before we can review a district court decision. *In re Big Horn River System*, 803 P.2d 61, 66 (Wyo.1990). Rule 1.05 W.R.A.P. provides:

A final order is: (1) an order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment; (2) *an order affecting a substantial right, made in a special proceeding, or upon a summary application in an action, after judgment;* (3) an order, including a conditional order, granting a new trial on the grounds stated in Rule 59(a)(4) and (5), W.R.C.P.; if an appeal is taken from such an order, the judgment shall remain final and in effect for the purposes of appeal by another party. [emphasis added]

██ In discussing finality of an order, this court has said:

A judgment or final order must determine all liabilities of all parties, Rule 54(a), W.R.C.P.; *Hoback Ranches, Inc. v. Urroz*, 622 P.2d 948 (Wyo.1981), and should leave nothing for future consideration. *Public Service Commission v. Lower Valley Power and Light, Inc.*, 608 P.2d 660 (Wyo.1980). *See* Rule 1.05, W.R.A.P.

*In re Big Horn River System*, 803 P.2d at 66. Most appellate courts, in addressing finality, agree that the substance should be elevated over the form of the order. *See generally* 4 C.J.S. *Appeal & Error* § 94b, pp. 265–66. Instead of emphasizing the name given to an action below, we should concentrate on the effect the order has on the parties' rights.

It is clear from its substance that *Order II* is not a final judgment as contemplated by W.R.A.P. 1.05. The tone of the order is

to advise the parties of their rights and duties concerning custody and visitation. Although the district court states that it is addressing the motion for contempt and decides certain rights by denying fees and costs and denying access to each party's employment and babysitter's addresses, the true thrust of the order is to admonish the parties concerning their actions. The district court does not *affect a substantial right* of either party in *Order II*. The divorce decree remains unchanged, and the parties are free to pursue an action to modify custody as provided for in W.S. 20–2–113 (1987). Therefore, *Order II* is not a final judgment which can be appealed.

Because we are precluded from appellate review of either *Order I* or *Order II*, we need not address appellant's contention of abuse of discretion by the district court.

## CONCLUSION

We must dismiss this appeal as to both *Order I* and *Order II* because we do not have jurisdiction. Appeal from *Order I* is barred because appellant failed to timely file a notice of appeal as required by W.R.A.P. 2.01. We decline to review *Order II* because it is not a final order.