983 F.2d 1066
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donald Edgar JOHNSON, and Class of Pro Se Nonlawyer Alleged
Confidence Game Victims, Plaintiff-Appellant,
v.
Richard Gordon JOHNSON, jointly and severally; Carl Alfred
Johnson, Jr., jointly and severally; Carl A. Johnson, Sr.,
the Estate of, jointly and severally; The Law Firm
Partnerships of Landman, Latimer, Clink and Robb, jointly
and severally; Culver, Lague and McNally, jointly and
severally; O'Toole, Stevens, Johnson, Knowlton and Rolf,
jointly and severally; State of Michigan, jointly and
severally; O'Toole, Johnson, Potter, Rolf, Grafton and
Eklund, P.C., jointly and severally; Robert J. Danhof,
Michigan Court of Appeals Chief Judge, Defendants-Appellees.
 No. 92-1829.
 United States Court of Appeals, Sixth Circuit.
 Dec. 23, 1992.
 
 Before KENNEDY and BATCHELDER, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff, Donald Edgar Johnson, a pro se Michigan citizen, moves for miscellaneous relief on appeal from three separate district court orders rejecting various pleadings filed subsequent to a final judgment entered December 19, 1990, dismissing plaintiff's civil action filed pursuant to 42 U.S.C. § 1985. Plaintiff also appeals an order from the Muskegon County Probate Court. Additionally, the defendants have filed motions to dismiss the appeal for lack of subject matter jurisdiction. The defendants also request costs and attorney fees. Plaintiff has filed a response. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff initiated his civil action against the estate of his father, his two brothers, several law firms, and a Michigan state court judge, claiming that the defendants conspired against him through various judicial processes in the state and federal courts since 1974. The district court determined that plaintiff's claims were barred by res judicata and dismissed plaintiff's complaint for failure to state a claim. This court affirmed the district court's judgment in an order filed July 29, 1991 and denied plaintiff's petition for rehearing en banc in an order filed September 2, 1991. On January 21, 1992, the United States Supreme Court denied certiorari.
 
 
 3
 Thereafter, on April 27, 1992, the district court received a pleading entitled, "Emergency Motion For Change In Venue; And In The Alternative, To Alter The Order Denying A Rule 60(b)(5)(6) Evidentiary Hearing Re Defendants' 1990-1992 Frauds Upon The Courts." On May 8, 1992, the district court entered an order rejecting the pleading for the reason that a final judgment had been entered dismissing plaintiff's action. On May 12, 1992, the district court received a pleading entitled, "Supplement To Reply To Petition To Determine Distribution Has Been Made." The district court rejected this pleading in an order entered May 22, 1992, also for the reason that a final judgment had been entered dismissing plaintiff's case. Finally, on May 26, 1992, the district court received a pleading entitled, "Emergency Motion For Declaratory Judgment." On June 3, 1992, the district court entered an order rejecting this pleading for the same reason as stated in the prior orders of May 8, 1992 and May 22, 1992.
 
 
 4
 We construe this appeal as an appeal from three separate district court orders denying plaintiff relief sought pursuant to Fed.R.Civ.P. 60(b). An abuse of discretion standard applies to a decision rendered under Rule 60(b). In re Salem Mortg. Co., 791 F.2d 456, 459 (6th Cir.1986); Smith v. Secretary of Health and Human Services, 776 F.2d 1330, 1332 (6th Cir.1985); Windsor v. United States Dep't of Justice, 740 F.2d 6, 7 (6th Cir.1984) (per curiam). Reviewing courts will find an abuse of discretion in the denial of a Rule 60(b) motion only if there is a definite and firm conviction that the court committed a clear error of judgment. Davis v. Jellico Community Hospital, Inc., 912 F.2d 129, 133 (6th Cir.1990). A Rule 60(b) motion cannot be used as a substitute for an appeal, and thus an appeal from an order denying Rule 60(b) relief does not bring up for review the underlying judgment. Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978); Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir.1989).
 
 
 5
 Upon review, we conclude that the district court did not abuse its discretion when it rejected plaintiff's post-judgment pleadings. In each of the submitted pleadings, plaintiff attempted to relitigate issues previously decided adversely to him. A final judgment has been entered dismissing plaintiff's action, that decision has been affirmed by this court and a petition for certiorari has been denied by the Supreme Court. Thus, no clear error of judgment on the part of the district court exists in this case.
 
 
 6
 Additionally, the order from the Muskegon County Probate Court is not appealable to this court. Thus, we do not review that appeal.
 
 
 7
 For the foregoing reasons, the defendants' motions to dismiss and request for costs and attorney fees are denied, plaintiff's motions for miscellaneous relief are denied, and the district court's orders of May 8, 1992, May 22, 1992 and June 3, 1992 are affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.