60 F.3d 828
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Donald Edgar JOHNSON, Plaintiff-Appellant,
v.
Richard Gordon JOHNSON; Carl Alfred Johnson, Jr.; Estate of
Carl A. Johnson, Sr.; Law Firm Partnerships of Landman,
Latimer, Clink & Robb; Culver, Lague & McNally; O'Toole,
Stevens, Johnson, Knowlton & Rolf; O'Toole, Johnson, Potter,
Rolf, Grafton & Eklund, P.C.; State of Michigan; Robert J.
Danhof, Michigan Court of Appeals Chief Judge, jointly and
severally, Defendants-Appellees.
 No. 94-2305.
 United States Court of Appeals, Sixth Circuit.
 June 27, 1995.
 
 1
 Before: MARTIN and SILER, Circuit Judges, and JOINER, District Judge.*
 
 ORDER
 
 2
 Donald Edgar Johnson, a pro se Michigan resident, appeals a district court order denying his motion to set aside the court's previous orders filed pursuant to Fed. R. Civ. P. 59 and 60. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 On December 19, 1990, the district court dismissed Johnson's civil rights complaint filed pursuant to 42 U.S.C. Sec. 1985. Johnson's civil rights action arose from a dispute that Johnson had with his family in the mid-1960's. The dispute led to litigation and a trial in the state courts of Michigan. A judgment adverse to Johnson was entered by the Michigan trial court in December 1974.
 
 
 4
 Johnson appealed the district court's 1990 decision and this court affirmed the dismissal. Johnson v. Johnson, No. 91-1160, 1991 U.S. App. LEXIS 17922, at * 2 (6th Cir. July 29, 1991), cert. denied, 502 U.S. 1059 (1992). In 1992, Johnson moved to alter the 1990 judgment pursuant to Fed. R. Civ. P. 60(b). The district court denied the motion and this court affirmed. Johnson v. Johnson, No. 92-1829, 1992 U.S. App. LEXIS 34749, at * 4-5 (6th Cir. Dec. 23, 1992).
 
 
 5
 Johnson then filed numerous documents with the district court. A magistrate judge ordered that the documents be struck from the record as frivolous. Johnson moved the district court to reconsider the magistrate judge's decision. The district court denied the motion. Johnson then filed a Rule 59 motion for reconsideration of this decision and a Rule 60(b) motion for reconsideration of the December 19, 1990, decision. The district court denied both motions as meritless.
 
 
 6
 In his timely appeal, Johnson's brief raises a plethora of issues. He requests oral argument and has moved the court to void a 1994 state court dismissal.
 
 
 7
 This court reviews the denial of a Rule 60(b) motion for an abuse of discretion. See Williams v. Browman, 981 F.2d 901, 903 (6th Cir. 1992) (per curiam). A Rule 60(b) motion may not be used as a substitute for an appeal, and thus, the underlying judgment is not reviewed. See Browder v. Director, Dep't of Corrections, 434 U.S. 257, 263 n.7 (1978). As for Johnson's Rule 59 motion, the court will consider the merits of the district court's order as this decision is subject to appellate review. Peabody Coal Co. v. Local Union Nos. 1734, 1508 and 1534, UMW, 484 F.2d 78, 81 (6th Cir. 1973), cert. denied after subsequent appeal, 430 U.S. 940 (1977).
 
 
 8
 Upon review, we conclude that the district court did not abuse its discretion in denying Johnson's Rule 60(b) motion. As Johnson is attempting to have the district court reconsider its December 19, 1990, order dismissing his civil rights complaint and that order has been affirmed on direct appeal and in a previous Rule 60(b) motion, the district court did not abuse its discretion in denying Johnson's second Rule 60(b) motion. As for Johnson's appeal of the denial of his Rule 59 motion, it is clear that the pleadings in question were in fact frivolous and the district court did not err in affirming the magistrate judge's decision.
 
 
 9
 Johnson contends that the district judge was biased. The legal standard to establish judicial bias requires the facts to be such as would convince a reasonable person that bias exists. See United States v. Story, 716 F.2d 1088, 1090 (6th Cir. 1983). Johnson has presented no evidence, nor do the facts indicate, that the district judge was biased. The argument is meritless.
 
 
 10
 Finally, a court possesses an inherent authority to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. Chambers v. NASCO, Inc., 501 U.S. 32, 43-46 (1991). Johnson's current appeal represents his third attempt before this court to vacate the 1974 state court judgment. Should Johnson continue to file frivolous appeals involving the 1974 decision, the court may impose sanctions against him.
 
 
 11
 Accordingly, we deny the request for oral argument, deny the motion to void the state court dismissal, and affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, United States District Judge for the Eastern District of Michigan, sitting by designation