**Donald Edgar JOHNSON, Plaintiff–Appellant,**

v.

**Richard Gordon JOHNSON, et al., Defendants–Appellees.**

**Nos. 02–1891, 02–1937.**

United States Court of Appeals, Sixth Circuit.

Feb. 7, 2003.

Before GILMAN and GIBBONS, Circuit Judges; and POLSTER, District Judge.*

### ORDER

In these consolidated appeals, Donald Edgar Johnson appeals the district court's orders imposing fines from an adjudication of civil contempt. These cases have been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously

* The Honorable Dan A. Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1990, Johnson sued the estate of his father, his two brothers, several law firms, and a Michigan state court. In that suit, Johnson attempted to relitigate a 1974 decision issued by the Muskegon County, Michigan, Circuit Court with which he disagreed. Johnson alleged that defendants conspired to deprive him of his civil rights in the state court proceedings. In 1991, this court affirmed the district court's judgment dismissing Johnson's complaint for failure to state a claim upon which relief can be granted. *Johnson v. Johnson,* No. 91–1160, 1991 WL 138458 (6th Cir. July 29, 1991). In 1992, this court affirmed three orders of the district court denying plaintiff's motions for post-judgment relief. *Johnson v. Johnson,* No. 92–1829, 1992 WL 392892 (6th Cir. Dec. 23, 1992). This court also affirmed another district court order denying plaintiff's additional motions for relief from judgment. *Johnson v. Johnson,* No. 94–2305, 1995 WL 385142 (6th Cir. June 27, 1995). Years after final judgment was issued dismissing this case and after appeals had been exhausted, Johnson continued to file hundreds of meritless motions, briefs, and appeals (Case Nos. 96–1826, 96–1979, 97–1944, 97–1955, 97–2062, 98–2190, 99–1903). After requiring Johnson to obtain leave of court before filing further pleadings—a requirement that Johnson ignored—the district court held a show-cause hearing and entered an order of civil contempt, fining Johnson $200 and imposing a conditional fine of $200 for each and every subsequent attempt to file a pleading in this matter.

Undeterred, Johnson continued to file pleadings in this case. As a result, on June 7, 2002, the district court fined him $800, on June 18, 2002, the district court fined him $200, and on June 29, 2002, the district court fined him $200. Johnson appeals the district court's orders imposing the fines. The district court granted Johnson in forma pauperis status with respect to the single issue of the propriety of the district court's June 2002 fines.

This court reviews a district court's civil contempt order for abuse of discretion. *United States v. Grable,* 98 F.3d 251, 253 (6th Cir.1996); *Peppers v. Barry,* 873 F.2d 967, 968 (6th Cir.1989); *NLRB v. Cincinnati Bronze, Inc.,* 829 F.2d 585, 590 (6th Cir.1987). Generally, punishment may not be imposed in a civil contempt proceeding when it is clearly established that the alleged contemnor is unable to comply with the terms of the order. *United States v. Rylander,* 460 U.S. 752 757, 103 S.Ct. 1548, 75 L.Ed.2d 521 (1983). The alleged contemnor bears the burden of producing evidence of his inability to comply. *Id.* Conclusory statements are inadequate to carry this burden. *Donovan v. Sovereign Security, Ltd.,* 726 F.2d 55, 59 (2d Cir.1984).

Johnson has not clearly established that he is unable to comply with the terms of the orders.

Accordingly, all outstanding motions are hereby denied, and the district court's judgments imposing the fines are affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.