COURT OF APPEALS OF VIRGINIA


Present:    Judges Frank, McClanahan and Senior Judge Willis


CLARENCE M. BOWSER

                                                        MEMORANDUM OPINION*
v.      Record No. 0024-08-1                                    PER CURIAM
                                                               JUNE 16, 2009
SHEILA B. GUENARD


                   FROM THE CIRCUIT COURT OF GLOUCESTER COUNTY
                            J. Warren Stephens, Judge Designate

              (Clarence M. Bowser, *pro se*, on brief).

              No brief for appellee.


       Clarence M. Bowser appeals from the trial court's orders related to (i) title and easement

issues in a real estate dispute between the parties, and (ii) ancillary contempt proceedings in

which appellant was found in civil contempt of court on three separate occasions.  For the

reasons stated below, we summarily affirm the trial court's decisions as to the ancillary civil

contempt proceedings, see Rule 5A:27, excepting the portion of this appeal relating to the trial

court's third contempt order, dated December 4, 2007, which was not a final order at the time of

this appeal.  We thus dismiss that portion of the appeal without prejudice.  In addition, it appears

this Court does not have jurisdiction over the portion of this appeal raising real estate title and

easement issues.  We thus transfer that portion of the case to the Supreme Court of Virginia

pursuant to Code § 8.01-677.1.

       * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Background

Appellee, Sheila B. Guenard (Guenard) instituted this action by filing a complaint against appellant involving a real estate dispute, seeking both injunctive and monetary relief. The trial court ruled in Guenard's favor on the title and easement related issues in dispute, and, *inter alia*, ordered "prohibitory" and "mandatory" injunctions against appellant. The trial court's August 10, 2007 order setting forth the terms of the injunctions specifically provided that any violation of those terms "shall be deemed contempt, and [appellant] shall be held in contempt of [c]ourt" for such violation(s).

Guenard subsequently filed a motion to show cause why appellant should not be held in contempt of the August 10, 2007 order. Pursuant to this motion, in an order dated October 26, 2007 the trial court found, "[u]pon consideration of the pleadings, exhibits, testimony, argument of counsel, and unchallenged proffers," that "[appellant] did not faithfully comply with the requirements of the August 10 Order." Accordingly, as further stated in the order, the court found appellant in civil contempt, and sentenced him to ten days in jail. However, the court suspended the sentence conditioned upon his full compliance with the order on or before October 26, 2007.[1]

By order dated October 26, 2007, the trial court found appellant in civil contempt of court for violation of the court's previous orders. The court then reinstated the suspended sentence, and ordered appellant to serve the ten days in jail.

Afterwards, Guenard filed another motion to show cause why appellant should not be held in contempt based on appellant's continuous violations of the August 10, 2007 order. By

---

[1] More specifically, the trial court found appellant in civil contempt "because he failed to cease blocking, obstructing, and interfering with the [subject] [e]asement, he did not terminate any and all trespassing, and he did not terminate any and all activities upon the Guenard [p]roperty."

order dated December 4, 2007, the trial court, after "taking evidence and hearing argument," again found appellant in contempt of court for violating the August 10 order. However, the court continued the penalty phase of this matter to January 4, 2008.

On January 2, 2008, appellant filed his notice of appeal to this Court.

Analysis

In his opening brief, appellant challenges the trial court's rulings as to the title and easement issues in this real property case, along with the court's rulings pertaining to the ancillary contempt proceedings.

First, as to the real property issues, this Court has no subject matter jurisdiction to consider an appeal on those issues. See Code § 17.1-405; see also Canova Elec. Contr. v. LMI Ins. Co., 22 Va. App. 595, 599, 471 S.E.2d 827, 829 (1996) ("Unless a statute confers jurisdiction in this Court, we are without power to review an appeal." (citing Polumbo v. Polumbo, 13 Va. App. 306, 307, 411 S.E.2d 229, 229 (1991)).

Second, in regard to his appeal of the trial court finding appellant in civil contempt of court[2] on three separate occasions in the ancillary proceedings, appellant appears in his opening brief to be asserting a violation of due process. He also appears to be challenging the trial court's evidentiary rulings and the sufficiency of the evidence in support of the court's contempt findings. The record on appeal, however, contains no transcript or written statement of facts. See Rule 5A:8(a) and (c). "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered." Rule 5A:8(b); see Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992); Turner v.

---

[2] See Code § 19.2-318 (setting forth this Court's jurisdiction to consider an appeal "[f]rom a judgment for any civil contempt of court").

Commonwealth, 2 Va. App. 96, 99-100, 341 S.E.2d 400, 402 (1986). We conclude that a transcript or written statement of facts is indispensable to a determination of whether the court erred in making those findings.

Third, in the absence of any transcript or statement of facts complying with Rule 5A:8, the record fails to establish that appellant presented the issues he raises on appeal to the trial court, as required by Rule 5A:18. See Parker v. Commonwealth, 42 Va. App. 358, 379, 592 S.E.2d 358, 369 (2004), aff'd, 269 Va. 174, 608 S.E.2d 925 (2005). The burden is on appellant to present a sufficient record from which the appellant court may determine that he preserved the claimed errors for appeal. See Twardy v. Twardy, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992); Lee v. Lee, 12 Va. App. 512, 516-17, 404 S.E.2d 736, 738-39 (1991) (*en banc*).

Fourth, appellant failed to comply with Rule 5A:20(c), which requires "[a] statement of the questions presented with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each question was presented in the trial court." Appellant likewise failed to cite any legal authority in support of his arguments. See Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992) ("[S]tatements unsupported by argument, authority, or citations to the record do not merit appellate consideration.").

Finally, because the trial court, in its December 4, 2007 order, continued the penalty phase of appellant's third contempt, that order was not appealabe. See Street v. Street, 24 Va. App. 14, 19, 480 S.E.2d 118, 121 (1997) ("A contempt order is appealable if it adjudicates all issues of guilt *and* imposes a sentence." (emphasis added) (citing Peet v. Peet, 16 Va. App. 323, 326, 429 S.E.2d 487, 489 (1993); E.I. du Pont de Nemours & Co. v. Universal Moulded Products Corp., 189 Va. 523, 526, 53 S.E.2d 835, 836 (1949)).

<u>Conclusion</u>

We thus summarily affirm the trial court's decisions as to the ancillary civil contempt proceedings, excepting the portion of this appeal relating to the trial court's third contempt order, dated December 4, 2007, which we dismiss without prejudice because it was not a final order at the time of this appeal. In addition, it appears this Court does not have jurisdiction over the portion of this appeal raising real estate title and easement issues. Accordingly, that portion of the case is hereby transferred to the Supreme Court of Virginia pursuant to Code § 8.01-677.1.

<u>Affirmed in part,</u>
<u>dismissed in part without prejudice,</u>
<u>and transferred in part</u>
<u>to the Supreme Court of Virginia.</u>