In the Matter of Contempt Proceedings of Cecil GARBER et al., Appellants, which arose in the case of Big Horn Coal Company, a Wyoming corporation, Plaintiff,

v.

UNITED MINE WORKERS OF AMERICA and United Mine Workers of America, District 27, Defendants.

No. 4345.

Supreme Court of Wyoming.

July 23, 1974.

Bruce P. Badley, Sheridan, for appellants.

Thomas C. Wilson, Burgess & Davis, Sheridan, for Big Horn Coal Co.

Before PARKER, C. J., and McEWAN, GUTHRIE, McINTYRE and McCLINTOCK, JJ.

PER CURIAM.

This is an appeal from an order of contempt and a bench warrant issued by the district court upon subpoenaed witnesses' failure to appear for a hearing on a motion for temporary injunction. The appellants, Cecil Garber, Mike Legerski, Joe F. Kalasinsky, Archie Bennett, William S. Legerski and Arthur Biggs, contended the trial court lacked jurisdiction to enter the contempt order and bench warrant because a motion for change of judge had been filed prior to the hearing for the temporary injunction, and for the further reason that the matter had been removed to Federal Court.

On October 31, 1973, Big Horn Coal Company filed its complaint in which it alleged the United Mine Workers of America and United Mine Workers of America, District 27, did, contrary to the provisions of a collective bargaining agreement, plan and cause a stoppage of work by establishing a picket line at Big Horn Coal's mine. The complaint asked for injunctive relief, and by motion Big Horn Coal asked for a temporary restraining order pursuant to § 27–243, W.S.1957 (C.

1967). The trial court, on October 31, 1973, entered an order granting the temporary restraining order and set the matter of the temporary injunction for hearing at 10 a. m. on November 2, 1973, and subpoenas were served upon the appellants to appear as witnesses on behalf of Big Horn Coal. At 9:41 a. m. on November 2, 1973, or 19 minutes before the time set for hearing on the temporary injunction, the United Mine Workers filed a special appearance upon a motion to quash the service of summons as being defective, and at the same time filed a motion for change of judge pursuant to Rule 40.1(b)(1)(B), W.R.C.P. At 10 a. m. on November 2, 1973, the matter came on to be heard and the defendant's motion to quash was denied, as was the motion for change of judge, whereupon it was determined that the aforesaid subpoenaed witnesses (appellants) were not present in court. The trial court continued the restraint upon United Mine Workers until the matter could be heard upon its merits, and directed the attorney for Big Horn Coal to draw an order to show cause why the appellants should not be held in contempt for failure to appear. On that same day Big Horn Coal filed a motion for a contempt order, and on November 5 the trial court signed the order, which was entered on November 6, wherein appellants were ordered to appear before the court on November 15 to show cause why they should not be found in contempt for failure to appear. With the exception of Arthur Biggs appellants were served a copy of the show cause order and appeared for the show cause hearing on November 15. They were not represented by counsel, and although the trial court asked if they understood the nature of the citation and the procedure no response was solicited or received, and they were not advised of the nature of the charges against them. The order to show cause was filed in and titled the same as the original cause in which the contempt was alleged to have taken place. The caption showed Big Horn Coal as plaintiff and United Mine Workers of America and United Mine Workers of America, District 27, as defendants. Had the contempt matter been filed as an independent action the appellants, through the title of the cause, would have been informed of the nature of the action. As was said in 1911 in Gompers v. Buck's Stove & Range Co., 31 S.Ct. 492, 221 U.S. 418, 446, 55 L.Ed. 797, the matter should show the court or the public as a party. This is more than a mere matter of form, it advises the defendant that it is a charge and not a suit. See also the discussion concerning notice and hearing in the recent case of Taylor v. Hayes, —— U. S. ——, 94 S.Ct. 2697, 41 L.Ed.2d ——, decided June 26, 1974. Proceedings in criminal contempts are independent criminal actions and should be conducted accordingly. United States v. Peterson, (10 Cir.), 456 F.2d 1135, 1139.[1] Four of the five appellants who appeared at the November 15 contempt hearing stated they had been advised by Biggs the hearing would not be held because of the change of judge motion and they did not appear for that reason. The other witness' nonappearance was sought to be justified because the subpoena was not signed and sealed. The trial court interrogated the appellants and found the five appearing appellants guilty of contempt. By order issued the same day they were each fined the sum of $50 and sentenced to 30 days in the county jail with both the fine and jail sentence suspended upon condition that they obey the law for a period of one year and obey orders, mandates, and subpoenas issued by any court of general jurisdiction during that time. It was further ordered that a bench warrant be issued for the arrest and apprehension of Arthur Biggs and that he be brought before the court for disposition of contempt charges lodged against him. From an analysis of the record it would not be unrealistic to assume that the appellants had no idea they were being charged in a criminal matter, and had they known

1. Although the trial court indicated the contempt was considered civil in nature, it is clear from the proceedings and disposition it was a criminal contempt.

the nature of the charges against them they would have proceeded differently and perhaps even obtained the services of counsel. Two of the appellants had stated to the court they were sick on the day of their scheduled appearance, and it appears that at least one of them may have had a meritorious defense had the matter been properly pursued. He stated: "* * * I've got an order here from the doctor to show that I was sick."

On November 5, 1973, the United Mine Workers filed in the State district court a copy of a petition for removal of the cause as filed in the United States District Court for the District of Wyoming pursuant to 28 U.S.C.A. § 1441. Under the provisions of 28 U.S.C.A. § 1446(e), the filing of such petition and posting of bond in Federal Court and the filing of a copy in the State court effects the removal, and the State court could proceed no further unless and until the case was remanded.

■ The acts alleged to be contemptuous were committed by persons not a party to the suit and occurred on November 2, 1973, and the removal became effective November 5, 1973. There is no disagreement that the original cause was removed to the Federal District Court on November 5, 1973, and that the State trial court thereupon lost all jurisdiction. If it had lost jurisdiction on November 5, 1973, its order, because it was entered on November 6, 1973 in the removed proceeding, was of no effect. Had the matter been properly pursued as an independent action we have no doubt the court could have properly considered the contempt matter because if there was contempt it occurred prior to the removal.

Because of the disposition of the matter upon other grounds we need not consider the change of judge question.

The matter should have been treated as criminal in nature and procedures followed as set forth in Rule 41(b), W.R.Cr.P. The order entered by the district court on November 15, 1973 is set aside.