**TRACY, GREEN & COMPANY,**
**Appellant (Plaintiff),**

v.

**George WARNER, Appellee (Defendant).**

**No. 84–139.**

Supreme Court of Wyoming.

Aug. 19, 1985.

Michael A. Maycock of Daly, Maycock, Anderson & Taylor, P.C., Gillette, for appellant.

No appearance for appellee.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

CARDINE, Justice.

Appellant, Tracy, Green & Company, was found to be in contempt of court and fined one hundred dollars. On appeal appellant contends that the district court failed to follow proper procedure in issuing the contempt citation. We agree and reverse.

On December 16, 1983, appellant filed a civil complaint against George Warner seeking recovery of an indebtedness in the amount of two thousand seven hundred thirteen dollars and forty-seven cents. On January 13, 1984, appellant filed a request for an entry of default. That same day, default was entered. On February 14, 1984, appellant applied for a default judgment. That same day a default judgment was entered.

On March 28, 1984, appellant filed a Motion for Proceedings in Aid of Execution. On March 30, 1984, the district court entered an order directing the defendant, George Warner, to appear at 8:30 a.m. on April 24, 1984, so that he could be examined concerning his income and assets. He was also to bring various records with him which would assist appellant in discovering his income and assets.

On April 24, 1984, the defendant, George Warner, failed to appear. On April 30, 1984, appellant filed a motion requesting an order to show cause why the defendant should not be held in contempt of court. That same day the district court entered an

order directing *the defendant* to appear at 1:30 p.m. on May 8, 1984, and to show cause why he should not be found in contempt. No show-cause order was entered directing appellant to appear and show cause.

On May 8, 1984, the show-cause hearing was held. At the hearing appellant's attorney explained that he had just that morning learned why the defendant had failed to appear on April 24. Counsel explained that, prior to the scheduled hearing, the defendant had agreed with Mr. Green of Tracy, Green & Company to pay the indebtedness within sixty days. Appellant's attorney was not informed regarding this agreement; this was apparently a simple oversight on the part of appellant, Tracy, Green & Company. Their attorney, not knowing of the agreement, had caused the contempt citation to issue and be served upon defendant.

The court found defendant, George Warner, in contempt, sentenced him to ten days in jail, and then suspended the sentence upon the condition that he cooperate in being examined as to his assets. The court then, without any notice or contempt citation having been issued with respect to appellant, Tracy, Green & Company or Mr. Green, stated:

"I understand there were extenuating circumstances and I'm going to take care of that.

"Now, orders to show cause are serious matters and invoke the authority and the powers of the court because somebody has not appeared pursuant to an order and we bring this man in here to show cause why he shouldn't be found in contempt.

"It's understandable to this court and that's why the court hasn't given any harsher penalty why Mr. Warner would take the word of Mr. Green that he gave him 60 days.

"Mr. Green or Mr. Tracy certainly should have contacted their counsel and advised them of this, find out the procedure that should have been followed.

"So, the court is going to fine Mr. Green $100 for being in contempt of court for interferring with court process, direct that that be paid within 10 days to the clerk of the district court."

In accord with the court's declaration, a contempt order was entered on May 9, 1984. From that order, appellant has brought this appeal.

■ The procedure to be followed in issuing a contempt citation varies depending upon the classification of the contempt. There are several ways to categorize contempt of court. The most basic division is between civil and criminal contempt. Civil contempt is remedial in nature and is intended to serve the purpose of the complainant through the coercive power of the court. *Horn v. District Court, Ninth Judicial District*, Wyo., 647 P.2d 1368 (1982). Criminal contempt, on the other hand, is punitive in character. It is used to punish behavior which is disruptive or disrespectful to the court. *Townes v. State*, Wyo., 502 P.2d 991 (1972). Clearly the court here imposed the fine as a punitive measure. It was designed to punish conduct which the court considered disruptive and disrespectful.

The procedure to be followed where criminal contempt is involved is found in Rule 41, W.R.Cr.P., which provides in pertinent part:

"(a) *Summary disposition.*—A criminal contempt may be punished summarily if the judge certifies that he saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court. The order of contempt shall recite the facts, shall be signed by the judge and entered of record.

"(b) *Disposition on notice and hearing.* —A criminal contempt except as provided in subdivision (a) of this rule shall be prosecuted on notice. The notice shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the criminal contempt charged and describe it as such. The notice shall be given orally by the judge in open court in the presence of the defendant, or on application of the

prosecuting attorney, or of an attorney appointed by the court for that purpose, by an order to show cause or an order of arrest."

The rule permits summary action "if the judge certifies that he saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court." It is undisputed that the conduct which the court found to be contemptuous here occurred outside the court's presence. Accordingly, the court could not act summarily. Under Rule 41(b), W.R.Cr.P., the contempt outside the presence of the court can only be prosecuted upon notice which states "the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the criminal contempt charged."

No such notice or contempt citation was issued by the court to appellant, Tracy, Green & Company, or to Mr. Green. The failure of the court to file and have served such notice is comparable to the failure of a prosecutor to file an information or indictment. Without the notice the court never obtains jurisdiction to proceed. The court here lacked jurisdiction to cite appellant, Tracy, Green & Company, with criminal contempt. Accordingly, we must declare the order of contempt null and void.

Reversed.