54 P.3d 754 (2002)
2002 WY 138
In the Matter of the Order of Contempt and Award of Attorneys' Fees as Sanction:
Robert W. HORN, Appellant (Respondent),
v.
Patty WELCH and David Hauser, Appellees (Petitioners).
No. 02-13.
Supreme Court of Wyoming.
September 23, 2002.
*756 Robert W. Horn, pro se, Jackson Hole, Wyoming, Representing Appellant.
Paul Harrison Stacey of Law Offices of Paul Harrison Stacey, Jackson Hole, Wyoming, Representing Appellees.
Before HILL, C.J., and GOLDEN, LEHMAN,[*] KITE, and VOIGT, JJ.
KITE, Justice.
[¶ 1] Attorney Robert Horn appeals from an order holding him, along with his clients, in contempt of court and imposing sanctions for failing to comply with a court order and pursuing frivolous litigation tactics. We hold the trial court failed to follow the requirements of W.R.Cr.P. 42 for contempt proceedings or the requirements for violations of W.R.C.P. 11. Accordingly, we reverse the contempt order and imposition of sanctions against Mr. Horn.[1]

ISSUES
[¶ 2] Mr. Horn states the issues as follows:

I
Can a citizen be held in contempt of an order which is not directed to that citizen and does not mandate that the citizen perform or refrain from performing any specified conduct?
II
Is it appropriate for the court to impose a sanction for criminal contempt which compels payment for the benefit of a party rather than mandating payment to the court?
Ms. Welch and Mr. Hauser present the following issues:
A.
Whether the appellate court should dismiss Appellant's appeal because the judgment *757 from which the appeal has been taken has been released.[[2]]
B.
Whether the decision of the trial court should be affirmed based on other matters of record thereby rendering Appellant's contentions moot[.]
C.
Whether the trial court was within the bounds of discretion in finding Appellant, Attorney Horn, in contempt based upon making false statements to the court[.]
D.
Appellee[s] request[] that this court certify that there is no reasonable cause for this appeal, and that this court award sanctions against Appellant[.]
We view the issue as whether the trial court's order is sustainable either as an appropriate sanction for criminal contempt of court under W.R.Cr.P. 42 or as an appropriate sanction under W.R.C.P. 11.

FACTS
[¶ 3] In 1996, Continental Investments of Wyoming, L.L.C. (Continental) purchased the Steak Pub Bar and Restaurant in Teton County and entered into an agreement with Ms. Welch and Mr. Hauser pursuant to which they agreed to act as managers of the business for Continental. Over the course of the next several months, disagreements arose between Continental and Ms. Welch and Mr. Hauser, culminating in Continental filing a complaint for breach of contract. Ms. Welch and Mr. Hauser filed a counterclaim against Continental and a third-party complaint against James G. Anderson, Jr., shareholder and manager of Continental, and Juline Christofferson, counsel for Continental. Ms. Welch and Mr. Hauser alleged they were forcibly removed from the restaurant's premises and, upon their removal, Continental, Mr. Anderson, and Ms. Christofferson took possession of personal property belonging to them, including business equipment, furniture, and fixtures. After Ms. Christofferson was named as a party, Mr. Anderson and Continental retained Mr. Horn to represent them in the proceedings.
[¶ 4] The trial court ordered Continental and Mr. Anderson to post a surety bond in the amount of the personal property in their possession which Ms. Welch and Mr. Hauser alleged belonged to them. On December 18, 2000, the trial court dismissed all the claims. Ms. Welch and Mr. Hauser objected, claiming the issue of Continental's continued possession of property belonging to them remained unresolved. Continental and Mr. Anderson, through Mr. Horn, responded, claiming all the property had been returned.
[¶ 5] Ms. Welch and Mr. Hauser filed a reply, alleging Mr. Horn's response contained deliberate misrepresentations concerning the return of the property. They alleged the representation that the property had been returned was false and Continental was deliberately perpetrating a fraud upon the court in the face of a court record clearly demonstrating the property had not been returned and the bond had not been paid. They sought an order granting judgment for them in the amount of the bond.
[¶ 6] The trial court entered an order on February 1, 2001, dismissing all claims, allowing Mr. Anderson and Continental to keep any property in their possession belonging to Ms. Welch and Mr. Hauser, and ordering payment of the bond amount to Ms. Welch and Mr. Hauser. Mr. Horn, on behalf of his clients, filed a motion in which he again represented to the court that all property was returned to Ms. Welch and Mr. Hauser and no basis existed for requiring Continental and Mr. Anderson to pay any amount. He asked the court to enter an order nunc pro tunc reflecting the property had been fully returned. Ms. Welch and Mr. Hauser claimed Mr. Horn's motion was again deliberately misleading, contained false statements, and constituted a fraud on the court. The court denied the motion for an order nunc pro tunc on March 21, 2001.
*758 [¶ 7] On April 27, 2001, Ms. Welch and Mr. Hauser requested an order compelling Continental, Mr. Anderson, and Mr. Horn to show cause why they should not be held in contempt for failing to comply with the orders requiring payment of the bond to them and asked for attorney's fees. A hearing was held September 21, 2001, at which time the trial court ruled the amount of the bond was to be turned over to Ms. Welch and Mr. Hauser. The court reserved ruling as to the issues of contempt and attorney's fees. On November 5, 2001, the trial court issued a decision letter in which it stated in relevant part:
The second issue is whether attorney fees should be allowed for attorney services required by the post judgment Petition for Rule to Show Cause and Petition for Post Judgment Garnishment. The Court found at the hearing in Jackson, Wyoming on September 21, 2001, that there was no basis whatsoever to support Mr. Horn's assertion that the property that was subject to the surety bond of $25,305.83, had been returned to Hauser and Welch, and that the exact amount due, if any, needed to be determined.
This matter had been resolved previously by Judge Troughton in his Order of January 31, 2001, and in his subsequent Order of March 15, 2001, denying the Plaintiff's motion for order nunc pro tunc, based on the assertion that the property had been returned.
Mr. Horn's and his clients' subsequent efforts to relitigate the one issue and Mr. Horn's subsequent representation to this Judge that the property had been returned was at best frivolous, did not have any proper purpose. It was done to harass, delay or to increase the cost of litigation. See W.R.C.P. 11(b).
The Court finds that James Anderson, Continental Investments of Wyoming, L.L.C[.] and their attorney, Robert W. Horn, are in contempt of Court for wilfully failing to abide by the order of the Court dated January 31, 2001, and for pursuing post judgment delaying tactics which were without merit. If Mr. Horn believed Judge Troughton's decision was in error he should have appealed the decision rather than use the tactics and methods that were employed.
The Court further finds an award of attorney fees incurred in opposing the frivolous efforts of Continental and Anderson is appropriate sanction and that the amounts set forth in the affidavits are reasonable. It makes the innocent party whole and deters future conduct of this kind.

(Emphasis added.) Consistent with its decision letter, the court entered an order on December 3, 2001, finding Mr. Anderson, Continental, and Mr. Horn in contempt of court and ordering them to pay attorney's fees in the amount of $5,612.88. Mr. Horn timely appealed from the contempt order.

STANDARD OF REVIEW
[¶ 8] When reviewing an appeal from a contempt citation, we will not overturn the trial court's action except for an abuse of discretion since the inherent power to summarily punish for contempt is securely vested within a trial judge's discretion. Horn v. District Court, Ninth Judicial District, 647 P.2d 1368, 1375 (Wyo.1982). The ultimate question in determining whether an abuse of discretion has occurred is whether the district court could have reasonably concluded as it did. GGV v. JLR, 2002 WY 19, ¶ 14, 39 P.3d 1066, ¶ 14 (Wyo.2002); Vaughn v. State, 962 P.2d 149, 151 (Wyo.1998).
[¶ 9] We review a trial court's determination on whether to impose W.R.C.P. 11 sanctions for an error of law. Caldwell v. Cummings, 2001 WY 106, ¶ 12, 33 P.3d 1138, ¶ 12 (Wyo.2001). Such determinations are not subject to the abuse of discretion standard because a court does not enjoy discretion with respect to an error of law. Id.

DISCUSSION

A. Contempt of Court
[¶ 10] Mr. Horn contends the contempt order cannot be upheld because the trial court was without authority to hold him in contempt since he was not a party to the action, had no obligation to pay any amount of money to Ms. Welch or Mr. Hauser, and *759 was not subject to any court mandate requiring payment. In making this argument, Mr. Horn focuses on the portion of the contempt order that states, "Respondents willfully failed to pay the monies ordered by the court to be paid by them as sureties." We find it unnecessary to decide whether the trial court had authority to hold Mr. Horn in contempt for failing to pay the judgment because it is clear from the record other grounds existed, separate and apart from failure to pay the judgment, to support the contempt order.
[¶ 11] In its decision letter, the trial court described Mr. Horn's actions and representations as frivolous; without any proper purpose; and done to harass, delay, or increase the cost of litigation. The trial court found Mr. Horn in contempt of court not only for willfully failing to pay the judgment but also for "pursuing post judgment delaying tactics which were without merit." Findings of this nature are sufficient to support an order of contempt whether or not the trial court also based its order on any failure by Mr. Horn to see that the judgment was paid. W.R.Cr.P. 42.
[¶ 12] Mr. Horn next argues that the contempt order cannot be upheld as a criminal contempt because the trial court did not follow the procedural mandates of W.R.Cr.P. 42 and it ordered payment of attorney's fees to the opposing party rather than imposing a penalty to be paid to the court. We agree with Mr. Horn's argument insofar as it characterizes the contempt order here as criminal rather than civil in nature. A contempt is considered civil when the punishment is wholly remedial, serves only the purposes of the complainant, and is not intended as a deterrent to offenses against the public. Horn, 647 P.2d at 1373. A civil contempt is generally intended to compel a party to comply with a lawful court order while a criminal contempt is punitive in nature and is enforced so the authority of the law and the court will be vindicated. Id. Stated simply, the primary purpose of criminal contempt is to punish while the primary purpose of civil contempt is to coerce. Anderson v. Anderson, 667 P.2d 660, 662 (Wyo.1983); Horn, 647 P.2d at 1373. Appellate courts are obligated to decide whether a contempt is civil or criminal based on the reasons for a particular penalty. Id.
[¶ 13] In its decision letter, the trial court found Mr. Horn and his clients in contempt for willfully failing to abide by its earlier order and for pursuing frivolous delaying tactics. The trial court imposed payment of attorney's fees as a sanction for the express purpose of making the innocent party whole and deterring future like conduct. Thus, the contempt order was both civil and criminal in nature. Where both criminal relief and civil relief are imposed in a contempt order, the criminal feature is dominant and fixes the order's character for purposes of review. United Mine Workers of America, Local 1972 v. Decker Coal Company, 774 P.2d 1274, 1281 (Wyo.1989).
[¶ 14] Having determined the contempt citation is criminal in nature, we turn to the question of whether the trial court followed proper procedures in holding Mr. Horn in contempt. W.R.Cr.P. 42 provides the procedures that must be followed for direct and indirect contempt. Direct contempt contemplates acts committed in the court's immediate view and presence, including those which tend to interrupt judicial proceedings or the court's business. W.R.Cr.P. 42(a)(1). Acts not committed in the court's immediate presence and of which the court has no personal knowledge, including an attorney's willful neglect or violation of duty, a party's deceit or abuse of process, disobedience of a court order, and other unlawful interferences with court processes or proceedings, constitute indirect contempt. W.R.Cr.P. 42(a)(2). We need not determine whether the contempt in this case is direct or indirect because we find the trial court failed to follow the procedures set forth for either.
[¶ 15] W.R.Cr.P. 42(b), governing direct contempt, requires a trial court to inform the accused of the accusation against him, give him an opportunity to show why he should not be held in contempt, and allow him to present evidence of mitigating circumstances. Upon an adjudication of guilt, the sentence for direct contempt is to be pronounced in open court and reduced to writing. W.R.Cr.P. 42(c), governing indirect contempt, *760 requires the trial court to issue an order directed to the accused stating the essential facts which support the contempt charge and requiring him to appear and show cause why he should not be held in contempt. W.R.Cr.P. 42(c) also requires an arraignment for the purpose of entering a plea; a hearing to determine guilt or innocence; a judgment of guilty or not guilty; and, in the event of a judgment of guilty, a judgment reciting the facts constituting the contempt.
[¶ 16] Neither the procedures for direct contempt nor those for indirect contempt were followed in this case. The trial court did not inform Mr. Horn of the accusation against him; did not inform him of his right to present evidence of mitigating circumstances; and, upon an adjudication of guilt, did not pronounce the sentence in open court as required by W.R.Cr.P. 42(b) for direct contempt proceedings. The trial court also did not issue an order directed to Mr. Horn stating the essential facts supporting the contempt charge, hold an arraignment, hold a hearing to determine guilt or innocence, or enter a judgment of guilty reciting the facts constituting the contempt as required by W.R.Cr.P. 42(c).
[¶ 17] The only notice Mr. Horn received as to the accusation against him was the April 27, 2001, petition filed by Ms. Welch and Mr. Hauser requesting an order requiring him to show cause why he should not be held in contempt. The trial court never informed Mr. Horn in writing or otherwise of the accusation against him, nor did it advise him in any fashion of the essential facts supporting the accusation. The only hearings relating to the contempt issue were a hearing on Mr. Horn's motion to compel the attendance of witnesses to testify at the contempt hearing; a scheduling hearing in which the trial court indicated it would not allow testimony at the contempt hearing; and the September 21, 2001, hearing in which the court reserved ruling on the contempt issue. During the September 21, 2001, hearing, no evidence or sworn testimony was presented; the court heard only the arguments of counsel; and Mr. Horn was not advised at any time of his right to present evidence or, in the case of indirect contempt proceedings under W.R.Cr.P. 42(c)(4), compel the attendance of witnesses. The only "facts" recited in support of the order of contempt were, Mr. Horn and his clients willfully failed to pay the monies ordered by the court and pursued postjudgment tactics without legal or factual merit. Regardless of whether Mr. Horn's conduct is characterized as direct contempt or indirect contempt, the trial court failed to follow required procedures.
[¶ 18] When imposing criminal contempt, a court must comply with the due process requirements of W.R.Cr.P. 42. Honan v. Honan, 809 P.2d 783, 786 (Wyo.1991). In considering direct contempt, we have said courts must be meticulously careful to observe procedural safeguards. Townes v. State, 502 P.2d 991, 993 (Wyo.1972). We also have said indirect contempt proceedings can only be prosecuted upon notice stating the time and place of the hearing and allowing a reasonable time for preparation of a defense. Tracy, Green & Company v. Warner, 704 P.2d 1306, 1308 (Wyo.1985). Absent such notice, the court never obtains jurisdiction to proceed. Id. Whether the contempt here is direct or indirect, the trial court did not follow the proper procedures. Accordingly, the contempt order cannot stand.
[¶ 19] Having concluded the order of contempt cannot be sustained under W.R.Cr.P. 42, we find it unnecessary to address Mr. Horn's assertion that the trial court improperly ordered payment of sanctions to the opposing party rather than to the court.

B. W.R.C.P. 11
[¶ 20] Ms. Welch and Mr. Hauser argue that Mr. Horn's contentions are moot because, regardless of the validity of the contempt order, Mr. Horn was properly sanctioned for making frivolous representations for improper purposes in violation of W.R.C.P. 11. As previously set forth in this opinion, the trial court in its decision letter concluded there was no basis for Mr. Horn's assertions that the property was returned to Ms. Welch and Mr. Hauser. The trial court further concluded Mr. Horn's assertions to that effect were frivolous; without proper purpose; and done to harass, delay, or increase the cost of litigation.
*761 [¶ 21] The decision letter cites W.R.C.P. 11. The contempt order, however, does not. The rule authorizes the court to impose sanctions, after notice and an opportunity to respond, against the offending attorney or party upon a determination the rule has been violated. The rule provides two procedures for initiating proceedings for sanctions for filing frivolous claims:
(c) Sanctions. If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.
(1) How Initiated.
(A) By Motion. A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected....
(B) On Court's Initiative. On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto.
W.R.C.P. 11(c)(1).
[¶ 22] Neither of these procedures was utilized in the present case. The petition filed by Ms. Welch and Mr. Hauser was styled "Petition for Rule to Show Cause" and makes no reference to W.R.C.P. 11. Thus, the petition does not comply with W.R.C.P. 11(c)(1)(A), which requires a separate W.R.C.P. 11 motion describing the specific conduct alleged to violate the rule. There further is no indication in the record that Ms. Welch and Mr. Hauser complied with the service requirements of W.R.C.P. 11(c)(1)(A) before filing their petition to enable Mr. Horn and his clients to withdraw the challenged assertions. The record likewise contains no indication of compliance with W.R.C.P. 11(c)(1)(B) the trial court did not enter an order describing the specific conduct at issue and directing Mr. Horn to show cause why he had not violated W.R.C.P. 11. Under these circumstances, the strict procedural requirements of W.R.C.P. 11 were not met. Caldwell, 2001 WY 106, ¶ 12, 33 P.3d 1138. Therefore, the sanctions imposed against Mr. Horn are not sustainable under W.R.C.P. 11.
[¶ 23] In their final issue, Ms. Welch and Mr. Hauser ask this court to certify there is no reasonable cause for this appeal and award sanctions against Mr. Horn. Our determination that the sanctions imposed by the trial court cannot be upheld precludes any conclusion that no reasonable cause existed for the appeal. The request is denied.

CONCLUSION
[¶ 24] The trial court's order requiring Mr. Horn to pay attorney's fees is not sustainable as an appropriate sanction for either criminal contempt of court under W.R.Cr.P. 42 or the filing of frivolous claims under W.R.C.P. 11.
[¶ 25] Reversed.
NOTES
[*] Chief Justice at time of expedited conference
[1] Mr. Horn's clients paid the sanction and have not filed an appeal. Therefore, our holding applies to only the contempt order and sanctions against Mr. Horn.
[2] We previously addressed this issue on Ms. Welch and Mr. Hauser's motion to dismiss the appeal. We denied the motion and will not reconsider the issue at this stage of the appeal.