2010 WY 18

**In the Interest of BD, JW and CW:**

**BW, Appellant (Defendant),**

v.

**The State of Wyoming, Appellee (Plaintiff).**

No. S–08–0216.

Supreme Court of Wyoming.

Feb. 23, 2010.

Representing Appellant: Diane M. Lozano, Wyoming State Public Defender; Tina N. Kerin, Appellate Counsel; Kirk A. Morgan, Senior Assistant Appellate Counsel. Argument by Mr. Morgan.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Jenny L. Craig, Assistant Attorney General. Argument by Ms. Craig.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, BURKE, JJ.

GOLDEN, Justice.

[¶ 1] This appeal arises from an indirect criminal contempt action against Appellant, BW (hereinafter Father). The juvenile court found Father in criminal contempt for violating its order entered in a neglect proceeding and sentenced him to a term of incarceration in the county jail. For the reasons set forth below, we vacate Father's criminal contempt conviction.

## ISSUE

[¶ 2] Father challenges his conviction for indirect criminal contempt on several grounds. We find, however, that the dispositive issue in this appeal is whether the juvenile court followed proper procedural requirements in finding Father in indirect criminal contempt.

## FACTS

[¶ 3] The basic pertinent facts of this case are not in dispute. On November 1, 2006, an adjudication of neglect under Wyo. Stat. Ann. § 14-3-402, et seq. (LexisNexis 2005), the Child Protection Act, was entered against Father for not providing adequate care necessary for the well-being of his minor children. During a subsequent review hearing held on October 1, 2007, the juvenile court ordered Father to satisfy certain requirements within a specified period of time. On January 28, 2008, the State filed an Information in the underlying juvenile neglect case charging Father with indirect criminal contempt pursuant to Wyo. Stat. Ann. § 14-3-438 (LexisNexis 2009), alleging Father had failed to comply with the juvenile court's order. The Information bore the same docket number and caption as the juvenile case, with Father added as a named defendant. After a bench trial on June 26, 2008, the juvenile court found Father in indirect criminal contempt and sentenced him to ninety days incarceration, with all but five days suspended in favor of probation. In accord with the juvenile court's rulings, a Judgment and Sentence was entered in the underlying juvenile case. It is this Judgment and Sentence that is the focus of this appeal.

## DISCUSSION

[1, 2] [¶ 4] Criminal contempt is "a crime in every fundamental respect," and a conviction for criminal contempt is indistinguishable from an ordinary criminal conviction. *Swain v. State*, 2009 WY 142, ¶ 13, 220 P.3d 504, 508 (Wyo.2009) (quoting *Bloom v. Illinois*, 391 U.S. 194, 201, 88 S.Ct. 1477, 1481–82, 20 L.Ed.2d 522 (1968); *Skinner v. State*, 838 P.2d 715, 722 n. 5 (Wyo. 1992)). Because of its punitive character, a court imposing criminal contempt sanctions must comply with due process. The due process protections of one charged with criminal contempt have been addressed in Rule 42 of the Wyoming Rules of Criminal Procedure.[1] *Horn v. Welch*, 2002 WY 138, ¶ 18, 54 P.3d 754, 760 (Wyo.2002); *United Mine Workers of America, Local 1972 v. Decker Coal Co.*, 774 P.2d 1274, 1281 (Wyo. 1989) (decided under the old rule, W.R.Cr.P. 41). Subparagraph (c) delineates the due process safeguards attendant to indirect criminal contempt actions which must be satisfied in all such proceedings, and states:

(c) *Indirect (constructive) contempt proceedings.*—A criminal contempt, except as provided in subdivision (b) concerning di-

---

1. Rule 42 distinguishes between contempt committed in the presence of the court (direct contempt), which may be summarily punished, and contempt occurring outside the court's presence and of which the court has no personal knowledge (indirect contempt), which may be punished only upon notice and hearing.

rect contempt, shall be prosecuted in the following manner:

(1) Order to Show Cause.—On the court's motion or upon affidavit of any person having knowledge of the facts, a judge may issue and sign an order directed to the accused, stating the essential facts constituting the criminal contempt charged and requiring the accused to appear before the court and show cause why the accused ought not be held in contempt of court. The order shall specify the time and place of the hearing, with a reasonable time allowed for preparation of a defense.

(2) Motions; Answer.—The accused, personally or by counsel, may move to dismiss the order to show cause, move for a statement of particulars or answer such order by way of explanation or defense. All motions and the answer shall be in writing unless specified otherwise by the judge. An accused's omission to file motions or answer shall not be deemed as an admission of guilt of the contempt charged.

(3) Order of Arrest; Bail.—If there is good reason to believe the accused will not appear in response to the order to show cause the judge may issue an order of arrest of the accused. The accused shall be admitted to bail in the manner provided by these rules.

(4) Arraignment; Hearing.—The accused shall be arraigned at the time of the hearing, or prior thereto upon the request of the accused. A hearing to determine the guilt or innocence of the accused may follow a plea of not guilty or may be set for trial at a later date or time. The judge may conduct a hearing without assistance of counsel or may be assisted by the attorney for the state or by an attorney appointed by the court for that purpose. The accused is entitled to be represented by counsel, have compulsory process for the attendance of witnesses, and may testify in his own defense. Unless the charged contempt is tried to a jury as provided in subdivision (e), all issues of law and fact shall be heard and determined by the judge.

(5) Disqualification of Judge.—If the contempt charged involves disrespect to or criticism of a judge, that judge is disqualified from presiding at the hearing and shall assign the matter to another judge.

(6) Verdict; Judgment.—At the conclusion of the hearing the judge shall sign and enter of record a judgment of guilty or not guilty. In addition to the requirements of Rule 32, a judgment of guilt for contempt of court shall include a recital of the facts constituting the contempt.

(7) Sentence.—Unless an accused may be sentenced to the penitentiary, a presentence investigation is not required but may be ordered. In other respects, Rule 32 shall apply to sentencing for contempt.

[¶ 5] In addition to strict compliance with the due process mandates of W.R.Cr.P. 42(c), a proceeding in indirect criminal contempt must be instituted and conducted as a separate and independent criminal action apart from the original cause in which the contempt arose. *Swain*, ¶¶ 15–17, 220 P.3d at 508–09; *UMWA, Local 1972*, 774 P.2d at 1284; *Garber v. United Mine Workers of America*, 524 P.2d 578, 579–80 (Wyo.1974). That is, an indirect criminal contempt action may not be pursued and treated simply as a component of the case giving rise to the contemptuous conduct. We have held that the failure to adhere to the separate and independent action rule constitutes a fatal jurisdictional defect which renders any judgment of contempt null and void. *Swain*, ¶ 17, 220 P.3d at 509; *UMWA, Local 1972*, 774 P.2d at 1284.

[¶ 6] With these principles in mind, we now turn to the case at hand. Father was charged and convicted of indirect criminal contempt. The Information against Father was filed in the underlying juvenile case, as was his Judgment and Sentence. This procedure clearly violates the precedent of this Court mandating indirect criminal contempt actions be separate and independent from the underlying action. The only question is whether due process protections attendant to indirect criminal contempt pro-

ceedings apply to contempt actions in juvenile court under the Child Protection Act.

 [¶ 7] There is no question that a juvenile court has the power to punish a party for contempt when the party fails to comply with an order of the court. Pertinent to this appeal is Wyo. Stat. Ann. § 14-3-438 (LexisNexis 2009), which states:

> Notwithstanding any other provision of law, the court upon its own motion or upon the motion of the district or county attorney, or guardian ad litem, may find that the child's parent, parents, or guardian or any other person who willfully violates, or neglects or refuses to obey or perform any order or provision of this act is liable for contempt of court and may be fined not more than five hundred dollars ($500.00) or incarcerated not more than ninety (90) days, or both.[2]

[¶ 8] The juvenile court statutes and rules, however, are silent as to the process to be followed in pursuing an indirect criminal contempt action. Given this silence, and also given an alleged contemnor's constitutionally protected due process rights, we find the general criminal contempt law regarding the procedures to be followed applies, in equal force, to contempt proceedings arising under the Child Protection Act.

[¶ 9] We do not overlook the fact that a juvenile court acting under the Child Protection Act operates as a court of equity, but these equitable powers exist to protect children from harmful conduct. The purpose of an indirect criminal contempt action is to punish. As previously noted, a conviction for criminal contempt is tantamount to an ordinary criminal conviction. Indeed, it is, for all intents and purposes, a criminal action. As such, it is very much an action at law rather than equity.

## CONCLUSION

[¶ 10] Within the context of the Child Protection Act, an alleged contemnor must be granted all due process rights mandated by law. Because the contempt proceeding against Father was not conducted as an independent criminal action apart from the underlying juvenile case, with its own caption and docket number, the juvenile court never acquired jurisdiction to proceed. Having no jurisdiction, its Judgment and Sentence of contempt is null and void and is hereby vacated.

---

2. As can be seen, a juvenile court's contempt authority is broad; it is limited only by the sanctions that may be imposed.