2010 WY 35

**Pamela Nadine HAMILTON, Appellant (Plaintiff),**

v.

**Harry Dwayne HAMILTON, Appellee (Defendant).**

No. S–09–0135.

Supreme Court of Wyoming.

March 23, 2010.

Representing Appellant: W. Keith Goody, Cougar, Washington.

Representing Appellee: John A. Thomas, Evanston, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

BURKE, Justice.

[¶ 1]   Pamela Nadine Hamilton was adjudged in contempt of court for violating a temporary order entered by the district court in her divorce case.  She claims that the contempt ruling is null and void because the district court did not follow the procedures required in a criminal contempt proceeding.  For the reasons set forth below, however, we conclude that this contempt proceeding was not criminal in nature, and further, that the contempt order is not a final appealable order.  We will therefore dismiss her appeal.

## ISSUES

[¶ 2]   Ms. Hamilton presents one issue: "Did the District Court have jurisdiction to find the appellant in contempt?"  Mr. Hamilton raises three issues, one of which is dispositive: "Whether the Findings and Order on the Motion for Order to Show Cause filed on May 27, 2009 in the District Court of the Ninth Judicial District in and for Sublette County, State of Wyoming, is an appealable order?"

## FACTS

[¶ 3]   On June 13, 2008, Ms. Hamilton filed for a divorce from Harry Dwayne Hamilton.  The district court entered a temporary restraining order enjoining both parties from, among other things:

> Transferring, encumbering, concealing, selling or otherwise disposing of any of the property of either of the parties, or any joint or common property of the parties, except in the usual course of business or for the necessities of life, without the written consent of both parties or the permission of the Court.

On December 16, 2008, Mr. Hamilton filed a Motion for Order to Show Cause for Contempt, alleging that Ms. Hamilton had spent "thousands of dollars" from their joint checking account for items that were not related to the necessities of life and not in the usual course of business.

[¶ 4]   A hearing on the show cause order was held on March 10, 2009.  The hearing was not reported.  It appears that the district court ordered Ms. Hamilton to produce certain financial records, and she did so on March 20, 2009.  In due course, the district court issued its order, finding that Ms. Hamilton had spent "*at least* $80,225.99, to the best of the Court's ability to calculate such," in violation of the temporary restraining order.  (Emphasis in original.)  The district court found Ms. Hamilton in contempt, but provided that she could purge the contempt by paying the sum of $80,225.99 into a joint account requiring the signatures of both parties, and by paying the attorney's fees Mr. Hamilton had incurred in the contempt proceeding.  The order further provided that if Ms. Hamilton did not purge the contempt, she was required to appear before the district court on July 2, 2009, "to be sanctioned therefor."  Ms. Hamilton filed an appeal seeking review of the district court's contempt order.

## STANDARD OF REVIEW

[¶ 5]   Pursuant to W.R.A.P. 1.04(a), we may review only a "judgment rendered, or appealable order made, by a district court."  If the district court's order finding Ms. Hamilton in contempt is not a final appealable order, this Court has no jurisdiction to consider an appeal from that order.  "Whether a court has jurisdiction is a question of law to be reviewed *de novo.*" *SEG v. GDK*, 2007 WY 203, ¶ 4, 173 P.3d 395, 395 (Wyo.2007).

## DISCUSSION

[¶ 6] The basic question in this case is whether the contempt is civil or criminal in nature. If it is criminal, the contempt order is void because the proceeding was not "instituted and conducted as a separate and independent criminal action apart from the original cause in which the contempt arose." *BW v. State of Wyoming*, 2010 WY 18, ¶ 5, 226 P.3d 272, 274 (Wyo.2010). If it is civil, the appeal is premature because punishment has not yet been imposed. *Madden v. Madden*, 558 P.2d 669, 670 (Wyo.1977).

[¶ 7] We have said that "the type of punishment to be imposed is the factor that decides whether a civil or criminal contempt has been committed." *Horn v. District Court*, 647 P.2d 1368, 1372 (Wyo.1982), citing *Nye v. United States*, 313 U.S. 33, 42, 61 S.Ct. 810, 813, 85 L.Ed. 1172 (1941).

> A contempt is considered civil when the punishment is wholly remedial, serves only the purposes of the complainant, and is not intended as a deterrent to offenses against the public. *Horn*, 647 P.2d at [1372–73]. A civil contempt is generally intended to compel a party to comply with a lawful court order while a criminal contempt is punitive in nature and is enforced so the authority of the law and the court will be vindicated. *Id.* [at 1373.] Stated simply, the primary purpose of criminal contempt is to punish while the primary purpose of civil contempt is to coerce. *Anderson v. Anderson*, 667 P.2d 660, 662 (Wyo.1983); *Horn*, 647 P.2d at 1373.

*Horn v. Welch*, 2002 WY 138, ¶ 12, 54 P.3d 754, 759 (Wyo.2002). *See also Honan v. Honan*, 809 P.2d 783, 785–86 (Wyo.1991); *Tucker v. State*, 35 Wyo. 430, 438–39, 251 P. 460, 463 (1926).

[¶ 8] The basic purpose of the contempt order in this case was to remedy the harm done to Mr. Hamilton, not to protect the public. This indicates civil contempt rather than criminal. The fact that Ms. Hamilton can purge her contempt also suggests that it is civil in nature. *Marquiss v. Marquiss*, 837 P.2d 25, 41 (Wyo.1992). The punishment for criminal contempt is more typically "for a definite term" from which "release is not conditioned upon the contemnor's compliance with any order of the court." *Connors v. Connors*, 769 P.2d 336, 344 (Wyo.1989). Further, Ms. Hamilton may purge the contempt by paying the amount spent in violation of the order into a joint account, with funds available only upon the signatures of both parties. This requirement is clearly aimed at deterring Ms. Hamilton from violating the temporary restraining order in the future, and is remedial rather than punitive. Based on these factors, we conclude that Ms. Hamilton's contempt is civil, not criminal.

[¶ 9] We are aware that the second requirement for Ms. Hamilton to purge her contempt is to pay Mr. Hamilton's attorney's fees. In other circumstances, we have said that the assessment of attorney's fees "seems more punitive than remedial in nature, considering that a court in a civil action may not award attorney's fees to the prevailing party in the absence of a contract or specific statutory provision." *United Mine Workers, Local 1972 v. Decker Coal Co.*, 774 P.2d 1274, 1281 (Wyo.1989). The Hamiltons are involved in a divorce case, however, and there is a statute, Wyo. Stat. Ann. § 20–2–111 (LexisNexis 2009), authorizing the district court to award attorney's fees in divorce cases. *Marquiss*, 837 P.2d at 46. We have previously recognized that the allowance of attorney's fees in divorce proceedings is an exercise of the district court's equitable powers, and not a penalty or punishment. *Hendrickson v. Hendrickson*, 583 P.2d 1265, 1268 (Wyo.1978).

[¶ 10] Ms. Hamilton also claims that the contempt order imposes punishment rather than remediation because it requires her to reimburse Mr. Hamilton not only for expenses that were "arguably covered by the restraining order," but also for expenses that were related to necessities of life or incurred in the ordinary course of business. Because there is no record of the hearing, we cannot tell if this claim is accurate. We have reviewed the financial documents submitted by Ms. Hamilton, but lacking foundation or explanation, they provide no basis for us to determine whether the spending they reflect was in violation of or in compliance with the temporary restraining order. "Without a

transcript of the hearing to review, we must accept the district court's analysis and weighing of the evidence." *Witowski v. Roosevelt*, 2009 WY 5, ¶ 39, 199 P.3d 1072, 1083 (Wyo. 2009). We must therefore accept the district court's finding that Ms. Hamilton spent at least $80,225.99 in violation of the temporary restraining order. Accordingly, the district court's order for reimbursement in that amount must be viewed as remedial rather than punitive. Our conclusion that the contempt is civil remains unchanged.

■ [¶ 11] Having concluded that Ms. Hamilton's contempt is civil in nature, we next consider whether the contempt order is a final appealable order. In *Madden*, 558 P.2d at 670, we recognized that "an order imposing punishment for contempt of court is a final order which is appealable." We further observed, however, that:

A majority of courts hold that when contempt proceedings are brought any order short of the order which imposes punishment by fine or imprisonment is interlocutory in nature, and is not a final order from which an appeal can be taken.

*Id.* (citing cases).

[¶ 12] In *Madden*, the mother's petition to show cause alleged that the father had not paid child support as ordered. The father contended that his child support obligations had ended because the older child was married and the younger child had reached the age of majority. After a hearing, the district court issued an order finding that the younger child was neither self-supporting nor emancipated, and ordered an accounting to establish the amount of child support owed by the father. We said it was "of some moment, and we therefore emphasize, that the Order did not purport to adjudge Appellant in contempt, and of course, no effort was made to impose any punishment upon him." *Id.* We applied the majority rule that any order short of the one imposing punishment is interlocutory, and dismissed the appeal because "the absence of a final order in the contempt proceedings results in this court having no jurisdiction to hear the appeal on its merits." *Id.* at 671.

[¶ 13] The continuing validity of this rule in Wyoming was demonstrated in the more recent case of *Inman v. Williams*, 2008 WY 81, ¶ 17, 187 P.3d 868, 876 (Wyo.2008). There, the mother sought to hold the father in contempt for refusing her visitation with her children as previously ordered. After the hearing, the district court issued its order.

The true thrust of the court's order is to provide therapeutic counseling to the parties' children so that eventually Mother's long-delayed visitation with her children can be determined and established.... Because the order does not hold Father in contempt and does not fix the terms of Mother's visitation, the order does not determine the action.

*Id.* We dismissed the appeal because, absent a final appealable order, we lacked jurisdiction to consider the merits of the case.

[¶ 14] The order in Ms. Hamilton's case explicitly does not impose punishment. It provides that she "should be appropriately sanctioned," but only in "the event that [she] fails or refuses to purge this Court's finding that [she] is in indirect contempt of this Court." It further orders that unless Ms. Hamilton purges her contempt, she "shall appear before this Court on Thursday, July 2, 2009, at Noon to be sanctioned therefor." Ms. Hamilton did not appear before the district court to be sanctioned on the specified date, because her contempt proceeding was stayed by her appeal. To date, no sanctions have been imposed or specified.

■ [¶ 15] Ms. Hamilton contends that her case can be distinguished from *Madden* and *Inman*. The district court found Ms. Hamilton in contempt. In the other two cases, no contempt findings were made. However, the rule we stated in *Madden* and followed in *Inman* is that "any order short of the order which imposes punishment by fine or imprisonment is interlocutory in nature, and is not a final order from which an appeal can be taken." *Madden*, 558 P.2d at 670; *Inman*, ¶ 14, 187 P.3d at 876. Under this rule, the significant question is whether punishment has been imposed, not whether a finding of contempt has been made. The fact that Mr. Madden and Mr. Inman had not been found in contempt was not dispositive.

It was noted only because it emphasized the dispositive point that punishment had not yet been imposed.

[¶ 16] We will continue to follow that rule. No order has been issued imposing punishment on Ms. Hamilton. There has been no final appealable order in her case. Accordingly, we lack jurisdiction to consider the merits of her appeal, and dismiss it.