FOX, Justice.
*248 [¶1] Kimberly Mary Wood (Mother) moved the district court for an ex parte order granting her emergency custody of her two children. The district court denied her motion and she appeals. We conclude that the district court's order denying Mother's motion is not an appealable order and dismiss her appeal.
ISSUES
[¶2] We adopt Father's issues, rephrased as:
1. Is the order from which Mother appeals an appealable order?
2. Is Father entitled to sanctions because there is no reasonable cause for Mother's appeal?
FACTS
[¶3] Mother and Neil Ray Wood (Father) divorced in 2014. The district court awarded Father custody of the two children: NSW, born in 2003, and ERW, born in 2006. In November 2017, Mother filed a "Motion for Ex-Parte for Emergency Custody" [sic]. Mother alleged that NSW had been expelled from school, Father had abandoned NSW by sending him to live with his paternal grandmother, and Father was alienating the children from her. On these grounds, she asked for "emergency custody" of NSW and ERW. Mother never served the motion on Father or his counsel. The district court denied the motion in a two-sentence order, which Mother now appeals.
DISCUSSION
[¶4] Mother alleges that the district court did not follow Wyoming law or consider the best interests of the children "when making [its] decisions throughout these proceedings," and that the order was either clearly erroneous or contrary to the great weight of the evidence. She requests this Court grant her a modification of custody, visitation, and child support. Father contends that the order is not an appealable order and requests this Court dismiss the appeal, sanction Mother, and order her to reimburse him for fees and costs incurred to defend the appeal.
I. Is the order from which Mother appeals an appealable order?
[¶5] We first examine the threshold question of whether we have jurisdiction to consider Mother's appeal. "Whether a court has jurisdiction is a question of law to be reviewed de novo ." Hamilton v. Hamilton , 2010 WY 35, ¶ 5, 228 P.3d 51, 52 (Wyo. 2010) (quoting SEG v. GDK , 2007 WY 203, ¶ 4, 173 P.3d 395, 395 (Wyo. 2007) ). We may review an order from a district court only if it is "appealable." W.R.A.P. 1.04(a) ; Hamilton , ¶ 5, 228 P.3d at 51. An appealable order is "an order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment." W.R.A.P. 1.05(a). We have held that an appealable order under Rule 1.05(a) has "three necessary characteristics[:] It must affect a substantial right, determine the merits of the controversy, and resolve all outstanding issues." Waldron v. Waldron , 2015 WY 64, ¶ 14, 349 P.3d 974, 977 (Wyo. 2015) (citations omitted); see also Womack v. Swan , 2018 WY 27, ¶ 19 n.4, 413 P.3d 127, 136 n.4 (Wyo. 2018) ("[A] judgment or order which determines the merits of the controversy and leaves nothing for future consideration is final and appealable, and it is not appealable unless it does those things." (citations omitted) ).
[¶6] A temporary custody order is not appealable because it leaves any final custody determination open for future consideration. See , e.g. , Book v. Book , 59 Wyo. 423, 141 P.2d 546, 548 (1943). A temporary custody order-which may be entered under Wyo. Stat. Ann. § 20-2-112(b) or under the district court's inherent equitable powers-is "intended to survive only 'during the pendency *249 of the action.' " Womack , 2018 WY 27, ¶ 14, 413 P.3d at 134 (citing Wyo. Stat. Ann. § 20-2-112(b) ). Because of its limited duration, a temporary custody order cannot resolve all outstanding issues.
[¶7] A district court resolves all outstanding issues of a requested custody modification only under the authority of Wyo. Stat. Ann. § 20-2-204(c) (LexisNexis 2017), which sets out the requirements for a district court to reconsider a settled custody determination. Although Mother, on appeal, asks for custody modification, she did not make that request in the district court. The motion from which Mother appeals can be interpreted only as seeking temporary custody modification. It was not made pursuant to Wyo. Stat. Ann. § 20-2-204(c), but plainly requested only an "ex parte" order granting "emergency" relief, as evidenced by the motion's title ("Motion for Ex-Parte for Emergency Custody" [sic] ). In the body of the motion, Mother specifically moved the district court "to grant me emergency custody" of the children. Mother did not serve the motion on Father or his counsel, in accordance with her request that the district court enter the order ex parte-a procedure reserved for temporary relief in extraordinary circumstances. Without notice to the other party, "a trial court may ... [only] enter an order temporarily modifying custody of a child." Weissman v. Weissman , 102 So.3d 718, 721 (Fla. Dist. Ct. App. 2012) (citations omitted) (emphasis added). "[S]uch an order requires an emergency situation, such as where a child is threatened with physical harm or is about to be improperly removed from the state." Id. In contrast, a petition under § 20-2-204(c) must be served to the nonmoving party in accordance with the Wyoming Rules of Civil Procedure. Wyo. Stat. Ann. § 20-2-203(d) (LexisNexis 2017); see also U.S. Const. amend. XIV, § 1.
[¶8] The district court's order correctly disposed of only the limited action sought by Mother in her motion:
This matter has come before the court upon [Mother's] Motion for Emergency Ex Parte Order, filed November 17, 2017. Having reviewed the motion, the governing law, and the course of proceedings, the court finds that the motion should be, and hereby is, denied.
The order, which did nothing more than deny the motion, could not determine anything beyond what the motion requested: temporary relief. Because the order resolved only the issue of temporary custody, it is not appealable. Lacking jurisdiction, we dismiss Mother's appeal. W.R.A.P. 1.04(c).
II. Is Father entitled to sanctions because there is no reasonable cause for Mother's appeal?
[¶9] "If the court certifies, whether in the opinion or upon motion, there was no reasonable cause for the appeal, a reasonable amount for attorneys' fees and damages to the appellee shall be fixed by the appellate court and taxed as part of the costs in the case." W.R.A.P. 10.05(b). "In addition to sanctioning an appellant when there is no reasonable cause for appeal, we award sanctions when the appellant's brief 'lacks cogent argument, there is an absence of pertinent legal authority to support the issues, or there is a failure to adequately cite to the record.' " Golden v. Guion , 2016 WY 54, ¶ 32, 375 P.3d 719, 727 (Wyo. 2016) (citations omitted). Finally, a "failure to comply with any other rule of appellate procedure ... is ground only for such action as the appellate court deems appropriate, including but not limited to: ... assessment of costs; monetary sanctions; [and] award of attorney fees ...." W.R.A.P. 1.03(a).
[¶10] We find that Father is entitled to recover his reasonable attorney fees and costs of responding to this appeal. Even if the order were appealable, Mother's arguments, to the extent they could be considered cogent, are not on point. Mother asks this Court to "remand the current custody order," "award primary physical custody" of the children to her, set forth a reasonable visitation schedule, and "[i]nstruct the District Court to calculate child support consistent with the new custody arrangement." She either seeks our untimely review of the 2014 divorce decree's provisions for custody, visitation, and child support; or she is asking this Court to review a custody modification decision that she never requested, and was *250 therefore never decided by the district court. Neither is even arguably reviewable on appeal.
[¶11] Even though "[t]he litigant acting pro se is entitled to 'a certain leniency' from the more stringent standards accorded formal pleadings drafted by lawyers; ... the administration of justice requires reasonable adherence to procedural rules and requirements of the court." Osborn v. Painter , 909 P.2d 960, 965 (Wyo. 1996) (citing Osborn v. Emporium Videos , 848 P.2d 237, 240 (Wyo. 1993) ). Mother's opening brief failed to comply with W.R.A.P 7.01, as it did not contain a table of contents, with page references; a table of cases, statutes, and other authorities cited, with references to the page numbers where they appear; a statement of this Court's jurisdiction; a statement of the case; a certificate of service; or an appendix. Additionally, Mother designated the entire record for transmission to this Court in violation of W.R.A.P. 3.05(e) ("Unless the case is a criminal proceeding, no party shall designate the entire record for transmission without an order of the appellate court."). Husband shall submit a statement of costs and attorney fees to this Court. Upon our review, we will determine the proper amount to be awarded.
CONCLUSION
[¶12] We lack jurisdiction to hear Mother's appeal because the order from which Mother appeals is not an appealable order. We therefore dismiss the appeal. Husband is entitled to attorney fees and costs.